KING CITY FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellee, v. TROY C. ISON et al., Defendants.—(BETTY ISON, Defendant-Appellant.)

Fifth District   No. 79-436

Opinion filed January 24, 1980.

Leahy and Leahy, of Springfield (Mary Lee Leahy and Andrew J. Leahy, of counsel), for appellant.

Terry R. Clark, of Campbell, Furnall, Moore & Jacobsen, of Mt. Vernon, for appellee.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

This is an appeal from a judgment of foreclosure of a mortgage entered against appellant.

The action involves two mortgages, the first of which is a home mortgage securing a loan from King City Savings and Loan to the Isons. The second mortgage secured a loan of $600,000 made to Troy C. Ison, Inc., by Dew Mortgage Company. The balance on the second mortgage was $62,640.19.

Betty Ison defended in the trial court on the grounds that she was required to sign the note because she was the wife of Troy Ison, in violation of the fourteenth amendment to the United States Constitution and Article I, sections 2, 17, and 18, of the Illinois Constitution of 1970 and public policy. The trial court rejected her position and allowed the foreclosure to go forward.

We affirm the trial court in its rejection of appellant's contention regarding a deprivation of her constitutional rights. The argument merits scant discussion, but we think it obvious that the requirement that appellant sign the note in question arose out of the implications that flow from the marital relationship of the appellant and her husband. Special and unique are the legal consequences that attend the husband-wife relationship. In practically every area of our laws the commonplace rules find some adjustment because of a marital relation. The rights and duties of spouses affect the laws of contracts, property, torts, evidence, inheritance, conveyancing and so on.

■■ Neither the appellant nor the female gender are singled out in an improper classification. The same rules are applicable to males as to females. Were the appellant the moving party in the business transaction in question then without question the signature of her husband would be required with the same force as hers in the instance in this case.

●■■ In view of the obvious unavailability of appellant's contention in this appeal, we have concluded that the judgment of the trial court was correct. However, we do not affirm since it appears that appellant has sought to appeal from a judgment of foreclosure of a mortgage and although it may be final as to the matters it adjudicates it is not appealable and this court does not have jurisdiction to consider the appeal. A judgment of foreclosure does not dispose of all the issues between the

parties and it does not terminate the litigation. A judgment foreclosing a mortgage does not become final and appealable until the trial court enters a subsequent order approving the foreclosure sale and directing distribution. Thus, in the absence of a finding by the trial court pursuant to Supreme Court Rule 304(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a)) that there is no just reason for delaying enforcement or appeal the judgment of foreclosure is not appealable and this court is without jurisdiction. *Harlem Savings Association v. Lesniak* (1968), 91 Ill. App. 2d 194, 234 N.E.2d 160; *Calumet Federal Savings & Loan Association v. Markman* (1964), 50 Ill. App. 2d 430, 200 N.E.2d 419.

A similar rule pertains in cases of partition where it is held that a judgment for partition is not appealable in the absence of the Supreme Court Rule 304(a) finding by the trial court. The judgment for partition determines fewer than all the rights and liabilities in issue since the matters of master's report, division or sale, approval thereof and for distribution remain. *Getzelman v. Koehler* (1958), 14 Ill. 2d 396, 152 N.E.2d 833; *Dixon v. Moller* (1975), 33 Ill. App. 3d 648, 342 N.E.2d 232; *Varney v. Yangas* (1974), 24 Ill. App. 3d 364, 321 N.E.2d 353.

●■■ The record in this case reveals that after the notice of appeal from the judgment of foreclosure was filed the plaintiff proceeded with the advertising, sale, report of sale and order approving report of sale and directing distribution. Ordinarily the filing of a notice of appeal serves to divest the trial court of jurisdiction to enter any further orders of substance in the cause. (*Rickard v. Pozdal* (1975), 31 Ill. App. 3d 542, 334 N.E.2d 288; *Loehde v. Loyola University* (1973), 11 Ill. App. 3d 827, 297 N.E.2d 661.) However, the general rule does not pertain in this case where the defendant's notice of appeal was premature. The filing of a notice of appeal from an order or judgment which is not made appealable by the supreme court rules governing appeals neither deprives the trial court of jurisdiction to proceed with the case nor vests the appellate court with jurisdiction to consider it. *Wright v. Risser* (1941), 378 Ill. 72, 37 N.E.2d 78; *Myers v. Myers* (1977), 51 Ill. App. 3d 830, 366 N.E.2d 1114; *Loveless v. Loveless* (1972), 3 Ill. App. 3d 967, 279 N.E.2d 531; *Casey v. McGuire* (1944) (abstract), 321 Ill. App. 308, 52 N.E.2d 822; 4A C.J.S. *Appeal & Error* §606 (1957).

We have taken this case under advisement and dispensed with oral argument pursuant to Supreme Court Rule 352(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 352(a)).

Appeal dismissed.

KARNS and KASSERMAN, JJ., concur.