MARION METAL & ROOFING CO., INC., Plaintiff-Appellee, *v.* MARK TWAIN MARINE INDUSTRIES, INC., *et al.,* Defendant-Appellant.

Fifth District   No. 82—419

Opinion filed April 5, 1983.

John Drew, of Benton, for appellants.

Winters, Brewster & Permar, of Marion, for appellee.

JUSTICE JONES delivered the opinion of the court:
Defendant, Mark Twain Marine Industries, Inc. (hereinafter re-

ferred to as Mark Twain), appeals from an order granting the motion of plaintiff, Marion Metal and Roofing Co., Inc. (hereafter referred to as Marion Metal), for summary judgment in an action to foreclose a mechanics' lien against Mark Twain's property. Mark Twain maintains that the granting of the motion for summary judgment was improper because of the existence of a genuine issue as to a material fact. We do not, however, reach the merits of the appeal because of a jurisdictional defect that we raise upon our own motion.

Plaintiff, a supplier of roofing materials, filed a complaint against Mark Twain and others, including defendant North Side Wholesale Co. (hereafter referred to as North Side), seeking a mechanics' lien on certain real property owned by Mark Twain. According to the complaint, Judy Baldwin, d/b/a Above Roofing Co., had contracted with Mark Twain to provide Mark Twain with certain services and materials to be used on Mark Twain's property. Marion Metal thereafter made several agreements with Judy Baldwin to provide her with roofing materials to be used on Mark Twain's property. Although Mark Twain paid Judy Baldwin for the work completed, she failed to pay Marion Metal. As a result, Marion Metal claimed a mechanics' lien on Mark Twain's real property.

Mark Twain filed a two-count countercomplaint, directed against Marion Metal and North Side, in which Mark Twain alleged that the materials provided by Marion Metal and North Side were defective when delivered to Mark Twain. Marion Metal moved to dismiss count I of the countercomplaint, the count directed against it. In an order filed May 21, 1982, the trial court found that the countercomplaint failed to allege the existence of privity of contract between Mark Twain and Marion Metal and dismissed count I of the countercomplaint for failing to state a cause of action against Marion Metal. North Side likewise moved to dismiss count II of the countercomplaint, the count directed against it. On June 7, 1982, the trial court found that the counterclaim failed to allege the existence of privity of contract between Mark Twain and North Side and dismissed count II of the countercomplaint for failing to state a cause of action against North Side. Also on June 7, 1982, a judgment was filed granting Marion Metal's motion for summary judgment with respect to the mechanics' lien and the foreclosure thereof. In that judgment the trial court stated, "This is a final Order of this Court."

Mark Twain filed a notice of appeal from "the Judgment Order entered June 7, 1982, granting Plaintiff's Complaint in case #, 81—CH—34. The relief sought and asked of the Illinois Appellate Court, Fifth Judicial District, is that the Judgment entered for the plaintiff

on June 7, 1982, be set aside and that this Court remand to Franklin County Circuit Court for further proceedings." Mark Twain seems to be appealing from the judgment providing for the foreclosure sale of its property in default of its payment of $11,904.91 to Marion Metal and $3,272.37 to North Side.

■■ ■ Mark Twain seeks to appeal from a judgment of foreclosure of a lien. However, as we said in *King City Federal Savings & Loan Association v. Ison* (1980), 80 Ill. App. 3d 900, 901-02, 400 N.E.2d 562, 563, which involved a judgment of foreclosure of a mortgage, "A judgment of foreclosure does not dispose of all the issues between the parties and it does not terminate the litigation." Although a judgment of foreclosure is final as to the matters it adjudicates, a judgment foreclosing a mortgage, or a lien, determines fewer than all the rights and liabilities in issue because the trial court has still to enter a subsequent order approving the foreclosure sale and directing distribution. (See *King City Federal*.) Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)) provides for appeals from final judgments as to fewer than all of the parties or all of the claims but only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not appealable. In the case at bar, the judgment of foreclosure adjudicates fewer than all the rights and liabilities of the parties but does not include the requisite written finding that there is no just reason for delaying enforcement of appeal. Therefore, the judgment of foreclosure of the lien is not appealable.

■■ Nor could Mark Twain have appealed from either of the two orders dismissing the two counts of its countercomplaint, for these are not final judgments by virtue of the fact that Mark Twain could, if it wished, file an amended countercomplaint. (See *Lakatos v. Prudence Mutual Casualty Co.* (1969), 113 Ill. App. 2d 310, 252 N.E.2d 123; *Schoen v. Caterpillar Tractor Co.* (1966), 77 Ill. App. 2d 315, 222 N.E.2d 332.) It should be carefully noted that the orders of May 21, 1982, and June 7, 1982, dismissed Mark Twain's countercomplaints for failure to state a cause of action. If these orders had dismissed the cause of action (as distinguished from the complaint), then such orders would be considered final. *Bates v. Ulrich* (1976), 38 Ill. App. 3d 203, 347 N.E.2d 286; *Kita v. YMCA* (1964), 47 Ill. App. 2d 409, 198 N.E.2d 174; see Dahlen, *Dismissal of a Complaint or Counts Thereof: A Few Appellate and Jurisdictional Ramifications,* 69 Ill. B. J. 160 (1980).

36

Even if the orders of May 21, 1982, and June 7, 1982, were, in fact, final, they would not be appealable, pursuant to Supreme Court Rule 304(a), because the requisite special finding that there is no just reason for delaying enforcement or appeal is absent.

There being no appealable order in the case, we lack jurisdiction to consider the appeal and, accordingly, dismiss it.

Appeal dismissed.

KASSERMAN and WELCH, JJ., concur.