VICTOR SANTANA, Plaintiff-Appellant, v. EUGENE Z. ZIPPERSTEIN *et al.*, Defendants-Appellees.

First District (4th Division)   No. 85—1646

Opinion filed March 27, 1986.

Nicholas F. Maniscalco, of Chicago, for appellant.

Gerald E. Frank, of Chicago, for appellees.

JUSTICE JIGANTI delivered the opinion of the court:

Victor Santana, plaintiff, appeals from a trial court order, which among other things, enjoined the enforcement of an order of foreclosure obtained by Santana against the defendant, Eugene Z. Zipperstein. The procedural path this case has taken to reach this court is, to say the least, quite interesting. On March 27, 1977, Santana filed a complaint to foreclose his mortgage in which he sought a decree as to foreclosure and a personal deficiency decree against Zipperstein. Zipperstein filed an appearance on August 29, 1977. The supplemental record indicates that a verified answer was filed on January 11, 1978.

On September 26, 1978, this cause was dismissed for want of prosecution. That dismissal was vacated on Santana's motion of October 25, 1978. On May 16, 1979, the trial court entered an order of default against Zipperstein for failure to appear and/or plead. On that same day, it is interesting to note that Santana filed an affidavit dated January 3, 1978, 16 months prior, certifying that he had checked the court file and found that no answer had been filed. Nevertheless, the supplemental record indicates the verified answer was in fact filed on January 11, 1978.

The trial court entered a judgment of foreclosure on May 30, 1979. In this judgment the court determined that by virtue of the mortgage and note secured thereby, Santana had a valid and subsisting lien upon Zipperstein's property. It was further ordered that unless the amount $40,699.65 owing to Santana was paid, Zipperstein's property could be sold to satisfy the judgment. The court specifically retained jurisdiction to enforce the judgment. Also, the court did not make a finding that there was no just cause for delaying enforcement or appeal.

Four months later, on September 25, 1979, apparently this case came up on the court's calendar call. Since there was no response by either party, the cause was dismissed for want of prosecution.

Approximately 4½ years later, in April of 1985, Santana commenced proceedings to have Zipperstein's property sold at a sheriff's sale as provided for in the judgment of foreclosure. In response, Zipperstein filed an emergency motion on May 15, 1985, to prevent the sheriff from proceeding with the sale. Attached to this motion, Zipperstein filed what purports to be a release that had been entered into by the parties in satisfaction of the underlying note. The court heard argument on the emergency motion, and after treating it as a motion for a temporary restraining order, enjoined the sheriff of Cook County from proceeding with the sheriff's sale until May 30, 1985.

On May 30, 1985, Santana filed a motion to vacate both the order

of September 25, 1979, dismissing the cause for want of prosecution, and the order of May 17, 1985, enjoining the sheriff from proceeding with the sale. On June 5, 1985, the court denied Santana's motion to vacate the dismissal for want of prosecution, affirmed its order of May 17, 1985, enjoined the sheriff and further specifically enjoined Santana from proceeding to enforce the judgment of foreclosure. It is from this order that Santana takes his appeal. On appeal, Santana argues that the September 17, 1979, order dismissing the cause for want of prosecution is null and void because the court did not have jurisdiction to enter such an order due to the fact that the judgment order of foreclosure was final and therefore beyond the jurisdiction of the trial court.

■■ ■ We believe that the order of foreclosure was final, but was not then appealable, consequently it was modifiable by the trial court. A "final order" is one which terminates and disposes of the parties' rights regarding issues in a suit either on the entire controversy or on some definite part so that, if affirmed, the trial court has only to proceed with execution of the judgment. (*Levy v. Metropolitan Sanitary District* (1981), 100 Ill. App. 3d 714, 715, 427 N.E.2d 377, *aff'd* (1982), 92 Ill. 2d 80, 440 N.E.2d 881.) A judgment of foreclosure of a mortgage is final. (*Marion Metal & Roofing Co. v. Mark Twain Marine Industries, Inc.* (1983), 114 Ill. App. 3d 33, 35, 448 N.E.2d 219.) Although all final orders are appealable (Ill. Const. 1970, art. VI, sec. 6; 87 Ill. 2d R. 301), all final orders are not necessarily immediately appealable. Only those final orders that dispose of the entire litigation are immediately appealable as of right. Where there are multiple parties or multiple claims for relief and the final judgment disposes of one or more but fewer than all the parties or claims then an appeal may be taken from the final order only if the trial court makes a finding pursuant to Supreme Court Rule 304 that there is no just reason to delay enforcement of appeal. (87 Ill. 2d R. 304(a).) This is significant because unless an order is appealable, it may be modified at any time before a judgment adjudicating all the claims is entered.

■ In the instant case, the complaint for foreclosure involves multiple claims, yet the judgment did not dispose of all the claims. It disposed of the claim seeking a lien in the amount of the money judgment. However, the complaint further seeks a sale of the property, an order approving the foreclosure sale, the appointment of a receiver *pendente lite* after the sale in the event of a deficiency and an order directing the distribution of the proceeds. Additionally, in rendering the judgment as to the lien, the trial court specifically struck that sentence from the order which stated that there is no just reason

to delay enforcement or appeal. In the absence of such a finding, the final order is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights and liabilities of all the parties. (87 Ill. 2d R. 304(a).) Therefore, in our factual setting here, the order of foreclosure was final, but not then appealable, and thus consequently it was modifiable. For this reason, the trial court was within its jurisdiction to modify the judgment of foreclosure by dismissing the cause for want of prosecution.

██ Having decided that the court had the authority to modify the judgment of foreclosure the next question is whether the trial court erred in denying Santana's motion to vacate the dismissal. Relief from a judgment is governed by section 2—1401 of the Code of Civil Procedure. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401(a).) This section provides that a petition for relief from a final order, which in this case is the dismissal for want of prosecution, may be filed within 30 days after the entry of that order yet must be filed within two years after the entry of the order. In the instant case, the dismissal order was entered on September 25, 1979, however, it was not until May 24, 1984, approximately 4½ years later, that Santana sought to vacate the order. As a result, Santana's request for relief from the judgment was untimely and therefore the trial court did not err in denying the motion to vacate.

██ Santana also appeals from the trial court's order enjoining him from proceeding to enforce the judgment of foreclosure. In light of our decision that the trial court did not err in modifying the judgment of foreclosure by way of the dismissal for want of prosecution, it is clear that it is within the trial court's power to enjoin Santana from seeking to enforce a judgment on foreclosure that was vacated.

For these reasons, the trial court did not err in denying Santana's motion to vacate the dismissal for want of prosecution or Zipperstein's motion to enjoin the enforcement of the foreclosure on the judgment.

Affirmed.

LINN, P.J., and McMORROW, J., concur.