BELL FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellee, v. BANK OF RAVENSWOOD *et al.*, Defendants-Appellees (Korea Exchange Bank, Defendant-Appellant).

First District (1st Division)   No. 1—87—0430

Opinion filed September 17, 1990.

Jeffrey Strange & Associates, of Wilmette (Michael Hyman, of counsel), for appellant.

Hoellen, Lukes & Halper, of Chicago (Edward J. Halper and Tarick S. Loutfi, of counsel), for appellees.

JUSTICE MANNING delivered the opinion of the court:

The appellant, Korea Exchange Bank, appeals from the circuit court's order denying its section 2—1401 (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) petition to vacate the judgment of foreclosure previously entered therein. The appellee, Bank of Ravenswood, has filed a motion to dismiss the appeal, claiming that this court lacks jurisdiction because of the appellant's failure to file a timely notice of appeal. We

ordered the motion to dismiss to be taken with the case and directed the parties to brief the jurisdictional issue. The pertinent facts follow.

Kyung Wha Chi and Choon Ja Chi, husband and wife (hereafter mortgagors), were the owners of real property commonly known as 3312 Wilmette Avenue, in Wilmette, Cook County, Illinois. This property was encumbered with the following liens: (1) first mortgage held by Bell Federal Savings and Loan Association (hereafter Bell); (2) second mortgage held by Bank of Ravenswood (hereafter Ravenswood); (3) third mortgage held by Korea Exchange Bank (hereafter Korea); and (4) fourth and fifth mortgages also held by Ravenswood.

On October 29, 1985, Bell filed a complaint to foreclose its mortgage on the aforementioned premises against the mortgagors, Korea and Ravenswood. Korea was served with summons on November 14, 1985, but as further discussed below, did not file any pleadings or appearance. Ravenswood filed an answer.

Prior to Bell's lawsuit, Ravenswood also had filed a complaint for foreclosure of their second, fourth and fifth mortgages. Korea filed an appearance in that action.

On November 20, 1985, the mortgagors filed for relief under chapter 7 of the United States Bankruptcy Code (11 U.S.C. §101 *et seq.* (Law. Co-Op 1985)), and the bankruptcy court stayed both of the circuit court foreclosure actions. Thereafter, on or about January 14, 1986, Ravenswood filed a motion before the bankruptcy court to modify the automatic stay, and by order dated January 21, 1986, the court lifted the automatic stay as to Ravenswood and other creditors.

Pursuant to the bankruptcy court order, Bell and Ravenswood then proceeded with their respective foreclosure actions in the circuit court. In the Bell action, the trial court entered an order of default on July 11, 1986, against the mortgagors, Korea and The Korea Times, Inc. (not a party to this appeal), for failure to appear or plead and the judgment of foreclosure and sale. Pursuant to the court order, Bell was required to serve a notice of sale on the parties, informing them that the sale was scheduled to be held on October 1, 1986. Korea acknowledges receipt of such notice and contends this was when it first learned of the default judgment against it.

On September 29, 1986, Korea filed its notice of motion and "Emergency Motion to Amend Order and to Consolidate," pursuant to section 2—1401 (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) of the Code of Civil Procedure. The trial court refused to amend or vacate the judgment; however, it found that Bell had a valid first mortgage and that Ravenswood had a valid second, fourth and fifth mortgage. The order also stated the amount of Korea's mortgage; however, it

reserved the question of priority of the Ravenswood and Korea mortgages and continued the matter for hearing on November 12, 1986.

On October 23, 1986, the trial court had before it Korea's "Motion to Determine Priorities," Bell's order confirming the sheriff's report of sale and distribution and motion to compel deposit of successful bid, and Ravenswood's motion for turnover of the sales proceeds. The trial court granted all parties time to respond to Bell's motion and set the motions for hearing on November 7, 1986. The court also ordered the parties to brief the priority of mortgage issue raised by Korea and granted Hwang, the successful bidder at the October 1, 1986, sheriff's sale, leave to file his petition to set aside the sale.

The record reflects that the parties filed the respective briefs and pleadings. In addition, sometime thereafter Korea presented another "Verified Motion to Vacate" that also attacked the judgment of foreclosure and sale[1] which the trial court continued along with all other pending matters to November 12, 1986.

On November 12, 1986, the trial court entered its order which: (1) denied Korea's motion to vacate the judgment on the grounds that Korea failed to state a meritorious defense, establish a reason as to why judgment should be vacated, or demonstrate due diligence in presenting the motion; (2) denied Korea's motion to establish priorities; (3) granted Bell's motion to compel deposit of the bid and thereby granted Hwang 30 days to deposit his bid with the sheriff; (4) entered and continued Ravenswood's motion for turnover of the sales proceeds; and (5) continued the matter for status until December 15, 1986, to determine Hwang's compliance.

On December 15, 1986, the trial court having found Hwang to be in compliance, ordered that Bell was entitled to receive $77,719.57 of the proceeds of the sale, and Ravenswood was entitled to receive $45,280.43. The court then ordered the sheriff to turn over said sums to each bank.

Thereafter, Bell presented its motion for an order confirming the sheriff's report of sale and distribution. Because Korea objected to the motion, the trial court granted it until January 7, 1987, to file a response thereto. Korea failed to file a response to Bell's motion, but instead filed a "Motion to Amend Pursuant to I.R.S. Chapter 110, Section 2—1401 Foreclosure Judgment to Properly Reflect Lien Position of Korea Exchange Bank." This motion was denied by the trial court on January 8, 1987, for lack of due diligence and the absence of a meritorious defense. Korea then filed its notice of appeal on February 9, 1987.

---

[1]There is some question as to whether or not Korea ever filed this motion.

■■ Prior to considering the merits of an appeal, the appellate court is duty bound to determine whether the appeal has been properly taken so as to invoke the jurisdiction of the court. *In re Custody of Jedynak* (1984), 123 Ill. App. 3d 185, 462 N.E.2d 908; *Lewis v. Canty* (1983), 115 Ill. App. 3d 306, 450 N.E.2d 864.

■ Also, a party seeking to appeal is required to file his or her notice of appeal "within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending post-trial motion." (107 Ill. 2d R. 303(a)(1).) Notice of appeal is necessary to confer jurisdiction on the reviewing court. *Herman v. Hamblet* (1980), 81 Ill. App. 3d 1050, 401 N.E.2d 973.

■ In the present case, the final judgment was entered on July 11, 1986. While Korea questions whether a judgment of foreclosure can be considered a final judgment and claims that *Marion Metal & Roofing Co. v. Mark Twain Marine Industries, Inc.* (1983), 114 Ill. App. 3d 33, 448 N.E.2d 219, applies here, we find that the judgment of foreclosure was final in the instant cause and that such a result is not inconsistent with *Marion Metal*.

In *Marion Metal*, this court, in applying Rule 304(a) (107 Ill. 2d R. 304(a)) to an action involving the foreclosure of a mechanic's lien, held that ordinarily "[a] judgment of foreclosure does not dispose of all of the issues between the parties *** because the trial court has still to enter a subsequent order approving the foreclosure sale and directing distribution." (*Marion Metal*, 114 Ill. App. 3d at 35.) However, the court there also determined that the judgment of foreclosure and sale is a final and appealable order if it adjudicates all of the claims of all of the parties, or contains an express finding pursuant to Supreme Court Rule 304(a) that there is no just reason for delaying enforcement or appeal. In *Marion Metal*, the appellate court dismissed the appeal because the foreclosure judgment therein did not contain such an express finding.

In the instant cause, the trial court entered the judgment of foreclosure and sale on July 11, 1986. Pursuant to the judgment, the court defaulted Korea, found that Ravenswood had a valid lien for $130,087.44, and expressly found that "there is no just cause for delay in the enforcement of or appeal from this Decree." Accordingly, as Ravenswood asserts, the July 11 order was the final and appealable order, and the time to file either a post-judgment motion or a notice of appeal commenced to run on July 11, 1986.

Pursuant to section 2—1203(a) of the Code of Civil Procedure (Ill.

Rev. Stat. 1985, ch. 110, par. 2—1203(a)), any party may, in a nonjury case, "file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief" within 30 days after the entry of the judgment. While Korea failed to file a section 2—1203 motion within the statutory period, it properly filed a section 2—1401 petition on September 29, 1986. Section 2—1401 provides that a party may seek "[r]elief from final orders and judgments, after 30 days from the entry thereof." Ill. Rev. Stat. 1985, ch. 110, par. 2—1401(a).

■ Thereafter, Korea either attempted to present or filed in some form three additional section 2—1401 petitions on or about October 23, 1986, November 7, 1986, and January 7, 1987, respectively. Successive post-judgment motions do not extend the time within which to appeal. (*Sears v. Sears* (1981), 85 Ill. 2d 253, 422 N.E.2d 610; *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900, *cert. denied* (1970), 400 U.S. 941, 27 L. Ed. 2d 244, 91 S. Ct. 232.) Moreover, a second post-judgment motion which is filed beyond 30 days after entry of the final order, but which attacks the same judgment, neither extends the time for filing of the appeal nor continues the jurisdiction of the trial court. (*City of De Kalb v. Anderson* (1974), 22 Ill. App. 3d 40, 316 N.E.2d 653.) This rule not only applies in the case of motions under sections 2—1202, 2—1203 and 2—1301 (Ill. Rev. Stat. 1985, ch. 110, pars. 2—1202, 2—1203, 2—1301), but applies in the case of section 2—1401 (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) petitions. See *Peoples Gas Light & Coke Co. v. Rubin* (1980), 89 Ill. App. 3d 244, 411 N.E.2d 886.

■ On November 12, 1986, the trial court had before it three of Korea's post-judgment motions that attacked the judgment of foreclosure. These motions included the section 2—1401 petitions, one of which was filed on September 29 and one which was presented to the court on November 7, and the separate motion to determine priorities which requested the same relief as prayed for in the petitions. Once the trial court ruled on the merits of these motions, the entry of such ruling signalled the "entry of the order disposing of the last pending post-trial motion" (see 107 Ill. 2d R. 303(a)(1)), and the 30-day period for filing the notice of appeal commenced to run.

■ Although the petitions were before the court, such successive and repetitious motions to vacate the judgment of foreclosure did not extend the time for appeal. (*People ex rel. McGraw v. Mogilles* (1985), 136 Ill. App. 3d 67, 482 N.E.2d 1114.) Where a motion has been made to vacate an order, the time of appeal commences to run from the date the motion is disposed of on its merits. (See *In re Marriage of*

*Uphoff* (1982), 110 Ill. App. 3d 608, 442 N.E.2d 965, *rev'd in part on other grounds, vacated in part* (1983), 99 Ill. 2d 90, 457 N.E.2d 426.) We reach this conclusion notwithstanding Korea's subsequent section 2—1401 petition that was filed on January 7, 1987, and the trial court's ruling thereon. Such petition was merely an improper successive post-judgment motion which did not extend the time within which to appeal. (*Federal Sign & Signal Corp. v. Czubak* (1978), 57 Ill. App. 3d 176, 372 N.E.2d 965.) In accord with *Federal Sign*, the order that disposed of the successive post-judgment motion which was filed on January 7, 1987, was void because the trial court itself was without jurisdiction to entertain a new section 2—1401 petition once it had ruled on the merits of the prior section 2—1401 petition. Accordingly, this court then lacks jurisdiction to hear the appeal and such appeal is dismissed.

Appeal dismissed.

CAMPBELL and O'CONNOR, JJ., concur.