**Joyce J. SCHLANGEN, Plaintiff-Appellant,**

v.

**RESOLUTION TRUST CORPORATION, as receiver of Horizon Federal Savings Bank, Defendant-Appellee.**

No. 89-1531.

United States Court of Appeals, Seventh Circuit.

Argued June 6, 1990.

Decided June 10, 1991.

Judgment affirmed and motion for sanctions denied.

William J. Stevens, and Cynthia M. Wallach, Vanduzer, Gershon, Jordan, Peterson & Loeffler, Chicago, Ill., for plaintiff-appellant.

Louis Schroeder, Dahl & Associates, Chicago, Ill., for defendant-appellee.

Before WOOD, Jr., FLAUM and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Joyce Schlangen defaulted on several mortgage loans which contained "confession of judgment" clauses. The financial institution which loaned her the money threatened foreclosure and Schlangen sought bankruptcy protection under Chapter 11. The matter at issue here arises from Schlangen's adversary complaint which was removed from the bankruptcy court to the district court. After several state and bankruptcy court proceedings had concluded, the district judge held that earlier court decisions regarding the loans had *res judicata* effect with respect to Schlangen's claims pending in federal district court. The district judge granted summary judgment in favor of the financial institution, and we affirm that decision.

I.

Joyce Schlangen obtained the mortgage loans at issue here from Glenview Guaranty Savings and Loan, a predecessor to Horizon Federal Savings Bank, to purchase real estate. The mortgage loan agreements provided for confession of judgment upon default. Schlangen missed her October, 1981 payments on each of the loans. After several attempts to encourage Schlangen to make up the missed payments, Glenview advised Schlangen on December 3, 1981, of its intention to foreclose if arrearages were not paid by December 15, 1981. Schlangen filed a Chapter 11 bankruptcy petition on January 26, 1982. Schlangen admitted in a related adversary proceeding in bankruptcy court that she failed to make any of the October and November, 1981 monthly loan payments.

On December 2, 1983, the bankruptcy court issued an agreed order modifying the automatic stay which had prohibited the foreclosure actions. Schlangen was given thirty days to obtain additional financing to cure the loan defaults. Schlangen apparently could not obtain the financing because on January 5, 1984, the bankruptcy court entered an order modifying the automatic stay to permit Glenview's successor to file for foreclosure.

In December, 1984, Horizon filed five separate mortgage foreclosure complaints in the Circuit Court of Cook County. In each case, Schlangen filed answers, affirmative defenses and counterclaims. In July, 1986, while the state foreclosure complaints were pending, Schlangen filed a second Chapter 11 petition with the bankruptcy court, which included a second adversary complaint. Schlangen requested the district court to withdraw the adversary proceeding from the bankruptcy court. The request was granted in June, 1987. The bankruptcy case was eventually dismissed with the bankruptcy court finding that Schlangen filed in bad faith solely to frustrate Horizon's efforts to enforce its rights under the mortgage notes.

Meanwhile in the adversary case then in the district court, the district judge entered an order on September 4, 1987, which mod-

ified the automatic stay caused by the second bankruptcy petition and allowed Horizon to proceed with foreclosure. The court also ordered Schlangen "not to raise in any State Court proceedings, in defense to the foreclosure, any of the issues arguably before [the district court] by virtue of [Schlangen's] second amended adversary complaint." The district court stated the sanction for violation of its order would be dismissal of the adversary complaint.

One of the foreclosure actions went to trial in state court in December of 1987. The state court issued findings of fact and conclusions of law on February 16, 1988. The court found that the note and mortgage were in default, that the bank acted equitably in actions it took with respect to the default, and that the bank acted reasonably after default in working with Schlangen to make other arrangements for payment. The state court found that the bank was entitled to institute foreclosure, and that the bank acted entirely properly in its exercise of the assignment of rents, even though some of Schlangen's actions were contrary to the assignment. Schlangen's counterclaim for an accounting was dismissed with prejudice, and the state court entered judgment of foreclosure on March 24, 1988.

Schlangen eventually withdrew answers and affirmative defenses and agreed to dismissal of her counterclaims in the other foreclosure actions. Judgments of foreclosure were entered in three of those cases in April, 1988, and in the fourth case sometime subsequent to the district court's summary judgment ruling in this case.

During the pendency of the state foreclosure actions, Schlangen filed her third and fourth amended complaints in the district court. She was also allowed to partially amend her fourth amended adversary complaint two additional times.

After the trial in state court, Horizon moved to dismiss Schlangen's complaint for violation of the district court's order based on the issues she raised in the state court cases. This motion was denied for reasons not contained in the record below. Horizon then moved for summary judgment on August 15, 1988.

On February 10, 1989, the district court granted summary judgment in favor of Horizon. The court found among other things that Schlangen had presented as a defense in other proceedings the same issues she was presenting to the district court. The district court noted it need not consider any sanction for violation of court order because entry of summary judgment would be adequate sanction against her, and because Schlangen could have reasonably believed she had a choice as to where to raise the issues.

## II.

We are asked to review the *res judicata* rationale used by the district court in granting summary judgment in favor of Horizon. We review a district court's grant of summary judgment *de novo. Bank Leumi Le–Israel, B.M. v. Lee,* 928 F.2d 232, 234 (7th Cir.1991). Of the earlier actions relied on here by the district court to grant summary judgment, all were filed in Illinois state court, with the exception of Schlangen's bankruptcy proceedings. We will determine the *res judicata* effect of Illinois state court judgments, so we are required to apply the Illinois law of *res judicata. Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). The only difference for our purposes is that Illinois law is potentially more demanding than federal law with respect to application of *res judicata,* because some Illinois courts use a more narrow test. But this is of no moment, because the outcome here is the same even when Illinois law is used.

"In Illinois, a final judgment on the merits rendered by a court of competent jurisdiction bars the same parties or their privies from relitigating issues that were raised or could have been raised in the prior action." *Torres v. Rebarchak,* 814 F.2d 1219, 1222 (7th Cir.1987); *see also Henry v. Farmer City State Bank,* 808 F.2d 1228 (7th Cir.1986). Under Illinois law, the essential elements of *res judicata* doctrine are (1) identity of parties or their

privies in the two suits; (2) identity of causes of action in the prior and current suit; and (3) a final judgment on the merits in the prior suit. *Rockford Mut. Ins. Co. v. Amerisure Ins. Co. and Michigan Mut. Ins. Co.*, 925 F.2d 193, 195 (7th Cir.1991); *Torres*, 814 F.2d at 1222. The first requirement is obviously met, so we will discuss only the second and third requirements of the Illinois test.

There must be a final judgment on the merits in the prior action. While the first state case was fully litigated and is a final judgment on the merits, in the remaining state cases the question is whether the judgments entered after Schlangen withdrew her answers and affirmative defenses and agreed to the dismissal of her counterclaims were final judgments "on the merits."

■■■ Generally, the conclusion of a prior lawsuit by default judgment does not prevent that prior judgment from being used for *res judicata* purposes. *Housing Authority v. YMCA*, 101 Ill.2d 246, 78 Ill. Dec. 125, 461 N.E.2d 959 (1984); *Grisanzio v. Bilka*, 158 Ill.App.3d 821, 110 Ill.Dec. 585, 511 N.E.2d 762 (1987); *In re Marriage of Donnellan*, 90 Ill.App.3d 1032, 46 Ill. Dec. 445, 449, 414 N.E.2d 167, 171 (1980) ("The basis of *res judicata* is that the party against whom the doctrine is raised has litigated or had the opportunity to litigate the same matter in a former action.... Accordingly, judgments of default have the same validity and force as those rendered upon a trial of the issues."). With regard to the remaining foreclosure actions, the state court made very specific findings, and Schlangen contested the issues in these actions up until the time of submission of the case for decision. Each judgment of foreclosure and sale states that the cause came on for trial, that the defendant consented to the entry of a default judgment, and that the plaintiff gave an affidavit of proof pursuant to statute. Each court then made a number of findings: (1) all material allegations of the complaint are proved; (2) by virtue of the note and mortgage the bank has a valid and subsisting lien; (3) the specific

amounts set out are due to the bank; (4) the costs and attorney's fees are fair, reasonable and customary; (5) the bank's lien is superior to that of all other parties to the suit; (6) the owner of the equity of redemption has submitted to the jurisdiction of this court; and (7) Schlangen is in default. Despite Schlangen's contentions to the contrary, the text of the judgment indicates that it is a default judgment.

This is not, as Schlangen argues, a judgment by confession. Although there were confession of judgment clauses in the various loan agreements, the judgments here were taken by default. Illinois law provides that when an agreement contains a confession of judgment clause, the creditor can confess judgment against the defaulting debtor upon default by going to court and having the court enter judgment against the defendant pursuant to the confession of judgment in the note, without process. Ill.Rev.Stat. ch. 110, ¶ 2–1301. This is not the procedural posture of this case. Schlangen contested the foreclosure on various grounds up until the issues were submitted for decision by the state court. After Schlangen withdrew her answer and affirmative defenses, the state court judgments were effectively default judgments.

We agree with the district court that the decisions rendered by the state courts were final and on the merits. But we still must address the third requirement for the application of *res judicata*.

■ To apply the law of *res judicata*, the cause of action in the prior state suits must be the same cause of action involved in the current federal suit. Schlangen's fourth amended complaint in her federal action is in three counts. The stated purpose of the action is to "determine the extent, if any, of [Horizon's] mortgage lien on five parcels of real estate owned by [Schlangen]." We should be immediately suspicious, because this is exactly what the foreclosure suits decided. The first count of Schlangen's complaint is for breach of various implied terms in each loan agreement. The complaint alleges breaches by Horizon from actions taken leading up to the foreclosure. The second count alleges

interference with prospective advantage in Horizon's allegedly wrongful exercise of its assignment of rents. Finally, the third count alleges breach of the fiduciary duties Horizon assumed towards Schlangen after its allegedly wrongful seizure of the property. The alleged breaches arise from the way in which Horizon handled the default and the assignment of rents.

■ The rule is well-settled that a cause of action includes defenses that were or might have been offered against the claim. *Henry*, 808 F.2d at 1233–34. "A defendant [ ] may not relitigate a defense, which was available but not raised in a prior action, by making it the basis of a claim in a subsequent action against the original plaintiff which if successful would nullify the initial judgment." *Id.* at 1234.

In Illinois, there continues to exist two different tests for determining what constitutes the same cause of action for *res judicata* purposes. *See Rockford Mut. Ins.*, 925 F.2d at 197; *Hagee v. City of Evanston*, 729 F.2d 510, 512–13 (7th Cir. 1984). The "same evidence" test is applied by some intermediate Illinois appellate courts to determine whether both actions require the same proof. The "transactional" approach, applied by other intermediate appellate courts in Illinois, inquires whether both actions arise from the same group of operative facts. *Rockford Mut. Ins.*, 925 F.2d at 197 and cases cited therein; *Hagee*, 729 F.2d at 512–13 and cases cited therein. We need not decide which test the Illinois Supreme Court would be more likely to apply. The outcome is the same under both tests.

■ Under the proof approach, Schlangen's causes of action are the same. Evidence that Schlangen would have offered to establish her federal claims is the same evidence she could have offered in defense to the foreclosure proceedings. For example, in federal court, Schlangen (based on her complaint) would have attempted to prove the following: her situation was not treated according to the customary practice at the bank; she was not given time to make up for missed payments; she was not given a chance to cure the default; she was

not given due notice and just cause before the bank instituted foreclosure; and there was a wrongful default. Schlangen would have also attempted to prove the assignment of rents was wrongful and intentional interference. Finally, Schlangen would have attempted to show Horizon breached fiduciary obligations to her by failing to account for rents, profits and expenses, and wrongfully seeking to deprive her of her property by default when none existed. The proof required in this action is the same as that required in the prior court actions; therefore, these are the same causes of action under the proof approach.

Application of the transactional approach compels the same conclusion. All the suits arose out of a single factual situation: Horizon's conduct in declaring default and exercising its assignment of rents. The claims or defenses in all the actions relate to this single situation. Thus, Schlangen's action is barred under the transactional approach as well.

■ An underlying consideration is whether the district court's order so hampered Schlangen that the doctrine of *res judicata* should not be applied. To this we give two answers. First, the district court offered to change its order to comply with any claim she wanted to raise in state court. Because of this, Schlangen was not precluded from raising any issues. Second, we agree with the district court that Schlangen violated its order prohibiting her from raising certain claims in the state court. An analysis of the state court judge's findings convinces us that Schlangen advanced many of the claims that she now asserts she was prohibited from raising. We see no reason to upset the district court's conclusion. The district judge then noted that its grant of summary judgment would be an appropriate sanction and that Schlangen might have thought she had a choice as to where to raise the defenses. Regardless, we find that the district court's order did not hamper Schlangen to an extent necessary to bar application of the principles of *res judicata*.

One final issue is whether Schlangen should be sanctioned under Federal Rule of

Appellate Procedure 38 for the filing of a frivolous appeal. While we affirm the district court's decision, we do not believe that Schlangen's appeal is sanctionable. The appeal initially was brought *pro se* by Schlangen after she was left without counsel following the district court's decision. While Schlangen did reiterate many of the arguments made to and decided by the district court, we were able to glean from her *pro se* documents her question as to the propriety of applying *res judicata* doctrine to these facts. Once Schlangen secured an attorney for her appeal, any technical deficiencies in her filings were corrected by her counsel. We do not find Schlangen's early conduct on appeal to be deserving of the imposition of sanctions.

### III.

For the foregoing reasons, the district court's grant of summary judgment is AFFIRMED, and Horizon's motion for sanctions is DENIED.