ILLINOIS CENTRAL RAILROAD COMPANY, Plaintiff-Appellee Cross-Appellant,

v.

TEXAS EASTERN TRANSMISSION CORPORATION, Defendant-Appellant Cross-Appellee.

No. 74–3061.

United States Court of Appeals, Fifth Circuit.

May 4, 1977.

Hume Cofer, Shirley Meissner, Austin, Tex., William A. Brown, Houston, Tex., for defendant-appellant-cross-appellee.

John A. MacDonald, Jr., Houston, Tex., for plaintiff-appellee-cross-appellant.

## ON PETITION FOR REHEARING

Before WISDOM, CLARK and RONEY, Circuit Judges.

RONEY, Circuit Judge:

The Illinois Central Railroad, a plaintiff below and cross-appellant in this Court, has petitioned for a rehearing on that portion of our judgment affirming the denial of prejudgment interest. We held that the demurrage recovered was "fairly a penalty" so that denial of prejudgment interest was not error. *Illinois Central R.R. Co. v. Texas Eastern Transmission Corp.*, 533 F.2d 272, 275 (5th Cir. 1976). The railroad argues that we misconstrued the nature of the demurrage charges under federal law and that they should not be treated as so penal in nature as to preclude an award of pre-judgment interest. Limited to this one is-sue, we grant the petition for rehearing and hold that the district court ruling denying prejudgment interest must be reversed.

The basic interest statute under federal law, 28 U.S.C.A. § 1961 provides:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law.

The statute does not limit successful plaintiffs to interest from the date of their judgments. Rather it indicates that the judgment itself will bear interest, as a matter of law, from the date it is entered, and leaves to other principles of law the issue of whether the judgment itself will include prejudgment interest as part of the plaintiff's compensation. As stated in *Louisiana & Ark. Ry. Co. v. Export Drum Co.*, 359 F.2d 311, 317 (5th Cir. 1966), "§ 1961 . . . has nothing to do with the question of whether prejudgment interest shall be allowed *as part of the compensation awarded to make the injured party whole.*"

The question then is whether the demurrage charge is the kind of penalty that does not draw interest, *see Rodgers v. United States*, 332 U.S. 371, 373, 68 S.Ct. 5, 92 L.Ed. 3 (1947); *United States v. West Texas Cottonoil Co.*, 155 F.2d 463, 466 (5th Cir. 1946). The rationale of the rule that penalties do not draw prejudgment interest is that a penalty does not reflect damages to the plaintiff but is assessed to encourage certain conduct on the part of the party penalized. Interest on a penalty does not further the purpose of making an injured party whole.

Plaintiff's claim for prejudgment interest in this case turns on the purpose of the demurrage charge due from a shipper who had detained its cars. The Supreme Court recently addressed this issue in *I. C. C. v. Oregon Pacific Industries, Inc.*, 420 U.S. 184, 95 S.Ct. 909, 43 L.Ed.2d 121 (1975). The Court there quoted from *Iversen v. United States*, 63 F.Supp. 1001, 1005 (D.D.C.) (3-judge court), *aff'd per curiam,*

327 U.S. 767, 66 S.Ct. 825, 90 L.Ed. 998 (1946), which stated:

> "[D]emurrage charges are in part compensation and in part penalty; . . . in full character they are neither, not being rates as that term is used in connection with rate-making, nor penalties as that term is used in respect to penal impositions. They are sui generis. Historically, textually, in purpose and in content, they are an integral part of the established rules and regulations relating to the use and movement of cars. . . They could not have been sustained as carrier charges or as penalties."

420 U.S. at 190 n. 7, 95 S.Ct. at 913.

Upon reconsideration, we think that the denial of prejudgment interest would deny the plaintiff the right to be made whole because a portion of the demurrage charge is for compensation. Since the charge is part compensation, the denial of prejudgment interest on the whole amount of demurrage would deny full compensation to the extent compensation was intended. Although adding interest to the penalty adds to the penalty, the shipper could avoid the entire charge by not improperly detaining the cars. Thus, it seems to us that, since no proper division of the charge between penalty and compensation can be made, the carrier should be made perhaps more than whole on the compensation part, rather than less than whole because part of the charge is a penalty.

As the ICC points out in its amicus brief, a converse rule would invite shippers to withhold demurrage charges on the slightest pretext, since, regardless of the result of any litigation, they would always benefit at least to the extent of the interest value of the sums detained for the period they were withheld. Similarly, the shipper would have every incentive to prolong litigation at the expense of the carrier. The possibility of such a result is enough to indicate the unsoundness of a rule which would deny prejudgment interest to carriers on the compensation part of the demurrage recovered from shippers.

Finally, we note that in *Fort Worth & Denver Ry. Co. v. Goodpasture, Inc.,* 442 F.2d 1294 (5th Cir. 1971), this Court affirmed a judgment for demurrage charges in which the district court, in its unpublished final judgment, had awarded prejudgment interest. While not the most unequivocal of precedents this previous action of a panel of the Court should bear heavily on such a case as this barring unusual circumstances which are not present here.

The original opinion of the panel is vacated to the extent that it affirmed the denial of an award of prejudgment interest. The relevant portion of the district court's opinion is hereby reversed. We remand for proceedings consistent with this opinion.

REVERSED AND REMANDED.