**Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**PAINTING BY C.D.C., INC., Defendant.**

**No. CV 80–0979.**

United States District Court, E. D. New York.

Oct. 8, 1980.

Francis V. LaRuffa, Regional Sol., U. S. Dept. of Labor by Marianne G. Kory, New York City, for plaintiff.

## MEMORANDUM AND ORDER

GEORGE C. PRATT, District Judge:

The Secretary of Labor commenced this action to recover a penalty incurred under the Occupational Safety and Health Act of 1970 (OSHA), 29 U.S.C. § 651 *et seq.* By order of referral dated April 28, 1980, the case was assigned to Magistrate David F. Jordan as provided in 28 U.S.C. § 636(b). The Secretary applied for default judgment under FRCP 55(b)(1) when defendant failed to plead or otherwise defend in the action.

The Secretary seeks prejudgment interest computed at 12% from the time the proposed penalty became a final order under 29 U.S.C. § 659(a). By report and recommendation dated June 25, 1980, Magistrate Jordan recommended that prejudgment interest be allowed in the amount of 6%. Plaintiff filed timely objections to Magistrate Jordan's report as provided in 28 U.S.C. § 636(b)(1) and requested that prejudgment interest be allowed in the amount of 12%. The magistrate's report and recommendation properly falls under 28 U.S.C. § 636(b)(1)(B) and therefore the court takes a *de novo* review of the magistrate's report and recommendation.

Plaintiff cites no statutory authority for its claim to prejudgment interest on a penalty imposed under OSHA, 29 U.S.C. § 651 *et seq.* The statute provides only that such penalties "may be recovered in a civil action in the name of the United States brought in the United States District Court for the district where the violation is alleged to have occurred or where the employer has its principal office." *Id.* § 666(k).

In *Rodgers v. United States*, 332 U.S. 371, 68 S.Ct. 5, 92 L.Ed. 3 (1947), the Supreme Court stated that "a persuasive consideration in determining whether [obligations imposed by statute] shall bear interest is the relative equities between the beneficiaries of the obligation and those upon whom it has been imposed." *Id.* at 373, 68 S.Ct. at 7. The Court reversed a judgment allowing prejudgment interest to accrue from the date various penalties imposed under the Agricultural Adjustment Act of 1938, 7 U.S.C. § 1281 *et seq.*, had become due. The Court noted that:

> The underlying theory of [the Agricultural Adjustment Act] penalty is that it is a punishment or deterrent and not a revenue–raising device; unlike a tax, it does not rest on the basic necessity of the Government to collect a carefully estimated sum of money by a particular date in order to meet its anticipated expenditures. 332 U.S. at 374, 68 S.Ct. at 7.

Similarly, in *Illinois Central Railroad Company v. Texas Eastern Transmission Corp.*, 551 F.2d 943 (CA5 1977), the court stated the general rule that penalties or fines do not draw prejudgment interest is justified because

> a penalty does not reflect damages to the plaintiff but is assessed to encourage certain conduct on the part of the party penalized. Interest on a penalty does not further the purpose of making an injured party whole. *Id.* at 944.

*See also United States v. Michael Schiavone & Sons, Inc.*, 450 F.2d 875 (CA1 1971).

The Secretary has filed with this court a brief in support of interest from the date of the final order. However, the Secretary's argument is directed primarily to the finality of the penalty imposed and not to the appropriateness of prejudgment interest once the penalty becomes final. Although absence of prejudgment interest may induce a violator to delay payment of the penalty, it may also encourage the Secretary to move his cases to judgments more quickly and thereby make his overall enforcement program more effective. In light of the authorities discussed above, this court is not persuaded that a penalty imposed under OSHA falls outside the general rule proscribing prejudgment interest on penalties.

In the absence of statutory authority, prior case law, or a compelling policy rationale, this court declines to award prejudgment interest to a penalty incurred under OSHA, 29 U.S.C. § 651 *et seq.*

The clerk is directed to enter judgment in the amount of $1,250 plus costs of $20.

SO ORDERED.