In re Jerry L. MARSHALL and Henrietta S. Marshall, Debtors. ˙

Jerry L. MARSHALL and Henrietta S. Marshall, Plaintiffs–Appellants,

v.

SECURITY STATE BANK OF HAMILTON, Defendant–Appellee.

No. 91–1116.

United States District Court, C.D. Illinois.

Oct. 22, 1991.

Barry M. Barash, Galesburg, Ill., for plaintiffs.

William M. McCleery, Jr., Quincy, Ill., for defendant.

U.S. Trustee, Peoria, Ill.

## ORDER

MIHM, District Judge.

Before the court is an appeal from the United States Bankruptcy Court for the Central District of Illinois, the Honorable William V. Altenberger presiding. For the reasons set forth below, the opinion of the bankruptcy court is affirmed.

## BACKGROUND

On August 4, 1989, the Defendant–Appellee Security State Bank of Hamilton ("Bank") loaned the Plaintiffs–Appellants Jerry L. Marshall and Henrietta S. Marshall ("the Marshalls") $16,885.44, a portion of which was for the purchase of a new car. The Marshalls executed a promissory note and pledged the new car as security. However, the truth-in-lending disclosure section on the promissory note and security agreement did not reveal the security interest in the new car.

Several months later, on January 23, 1990, the Marshalls filed a Chapter 13 reorganization in the U.S. Bankruptcy Court for the Central District of Illinois. Shortly after their plan was confirmed, the Marshalls commenced an adversary proceeding against the Bank, arguing that the Bank violated the Truth In Lending Act ("TILA"), 15 U.S.C. § 1631 *et seq.* The parties filed cross-motions for summary judgment and on December 6, 1990 the bankruptcy court entered a written opinion and order granting summary judgment in favor of the Marshalls. The bankruptcy court found that the Bank did violate TILA and awarded the Marshalls the maximum statutory amount of $1,000, plus reasonable attorney's fees and costs. *In re Marshall,* 121 B.R. 814, 822 (Bankr.C.D.Ill. 1990). The bankruptcy court, however, denied the Marshalls request for pre-judgment interest on the statutory award.

The Marshalls filed a timely motion to correct or amend judgment, claiming that the bankruptcy court had erroneously denied pre-judgment interest. A hearing was held on April 5, 1991, at which time Judge Altenberger announced orally that the motion to amend judgment was without merit.

After a written order was entered denying the motion, the Marshalls filed a timely notice of appeal to this court.

## DISCUSSION

The only issue raised on appeal is the issue of pre-judgment interest. Neither party appeals the bankruptcy court's determination that the Bank violated the TILA, or that the maximum statutory award of $1,000 was the appropriate award. The Marshalls claim only that they should have received interest on this award for the period between the date on which the adversary complaint was filed (March 28, 1990) and the date on which judgment was entered in their favor (December 6, 1990). In their appellate brief, the Marshalls compute the pre-judgment interest to be $50.46, representing a rate of 7.28% over 253 days.

In its written opinion, the bankruptcy court noted that there is a growing trend to allow pre-judgment interest on awards stemming from federal statutory violations. *In re Marshall,* 121 B.R. at 821. The bankruptcy court also recognized that recent Seventh Circuit authority provided that there is now a presumption that pre-judgment interest is appropriate for federal law violations. *See id.; Gorenstein Enterprises v. Quality Care–USA,* 874 F.2d 431 (7th Cir.1989); *Lorenzen v. Emp. Ret. Plan of Sperry & Hutchinson,* 896 F.2d 228 (7th Cir.1990). However, the bankruptcy court held, the general rule is that pre-judgment interest is not available on top of penalties, as opposed to damages awards. 121 B.R. at 821. Finding the $1,000 statutory award under the TILA to be in the nature of a penalty rather than compensatory damages, the bankruptcy court concluded that pre-judgment interest could not be awarded to the Marshalls.

The Marshalls maintain that this finding was erroneous, arguing that the TILA is a remedial statute and that the statutory award thereunder is more in the nature of liquidated damages for the borrower than a penalty against the creditor. The Marshalls do not take issue with the bankruptcy court's legal conclusion that pre-judgment interest is not available on top of

awards which are penal in nature. Thus, as framed by the Marshalls, the issue in this appeal is simply whether the statutory award in the TILA is a remedial damages provision designed to make the borrower whole or a penal provision designed to secure compliance of creditors.

■ In response, the Bank reminds that pre-judgment interest is only available on top of damages awards, because the purpose of pre-judgment interest is to make whole the wronged party who was deprived of the use of his money during the pendency of the action. The Bank then argues that interest here is inappropriate, because the Marshalls suffered no actual damages, and that they do not need to be made whole by an award of interest.

Although the point seems to be conceded by the Marshalls, the concept that pre-judgment interest is not available for punitive awards merits some discussion. Almost half a century ago, the Supreme Court held that pre-judgment interest is a remedy designed to make whole a litigant who was wrongfully deprived of the use of his money and is therefore unavailable on awards which represent penalties as opposed to damages. *Rodgers v. United States*, 332 U.S. 371, 373–74, 68 S.Ct. 5, 6–7, 92 L.Ed. 3 (1947). The Supreme Court explained this principle more recently in *West Virginia v. United States*, 479 U.S. 305, 107 S.Ct. 702, 93 L.Ed.2d 639 (1987).

> Pre-judgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress.

479 U.S. at 310 n. 2, 107 S.Ct. at 706 n. 2. Because pre-judgment interest is intended to fully compensate a litigant for damages, it is generally unavailable on punitive awards. As noted by the Fifth Circuit in *Illinois Cent. R. Co. v. Texas Eastern Trans. Corp.*, 551 F.2d 943 (1977):

> The rationale of the rule that penalties do not draw pre-judgment interest is that a penalty does not reflect damages to the plaintiff but is assessed to encourage certain conduct on the part of the party penalized. Interest on a penalty does not further the purpose of making an injured party whole.

551 F.2d at 944. Recent Seventh Circuit case authority seems to implicitly adopt this principle. *See Williamson v. Handy Button Mach. Co.*, 817 F.2d 1290, 1297 (7th Cir.1987) ("[m]oney today is simply not a full substitute for the same sum that should have been paid some time ago"); *City of Chicago v. United States Dept. of Labor*, 753 F.2d 606, 608 (7th Cir.1985) ("[p]re-judgment interest is a necessary part of the compensation, as it insures that the timing of the award does not alter its adequacy and that aggrieved parties will not be forced to bear the cost of delay in the dispute-resolution process").

The cases principally relied upon by the Marshalls do not hold to the contrary. In *Gorenstein Enter. v. Quality Care–USA*, the Seventh Circuit held:

> While the [trademark infringement] statute makes no reference to pre-judgment interest, the Gorensteins do not question that federal common law authorizes the award of such interest in appropriate cases to victims of violations of federal law ... The time has come, we think, to generalize, and to announce a rule that pre-judgment interest should be presumptively available to victims of federal law violations. Without it, compensation of the plaintiff is incomplete and the defendant has an incentive to delay.

(Citations omitted). 874 F.2d at 436. In this court's view, this decision does not mean that pre-judgment interest should be granted on top of any award for a federal statutory violation. Rather, it means that pre-judgment interest is presumptively available on top of *damages* stemming from violations of federal law. This is a fair reading of *Gorenstein*, given that decision's recognition that pre-judgment interest is designed to remedy the additional damage suffered by a litigant waiting for the system to return to him what was rightfully his all along. 874 F.2d at 436 ("[w]ithout it, compensation of the plaintiff is incomplete and the defendant has an

incentive to delay"). Similarly, in *Lorenzen v. Emp. Ret. Plan of Sperry & Hutchinson,* the Seventh Circuit noted that the presumption in favor of pre-judgment interest "is a salutary trend—without it there is incomplete compensation to victims of wrongdoing and there are added incentives to resist and delay the bringing of the wrongdoing to book." 896 F.2d at 236. These decisions do stand for the proposition that pre-judgment interest should generally be awarded—but only on top of remedial or compensatory damages, and not on top of penalties.

■ The question then becomes whether the $1,000 award under the TILA is a penalty or damage provision. The civil liability provision of the TILA, 15 U.S.C. § 1640, provides that a creditor is liable to the borrower for actual damages plus a statutory award of twice the finance charge. The additional statutory award has a floor of $100 and a ceiling of $1,000. Thus, in all cases where the finance charge is $500 or more, the statutory award will be $1,000. While § 1640 does not designate the statutory award as either "compensation" or a "penalty," that provision is, in this court's view, penal in nature.

The legislative history behind the TILA is replete with references to the statutory award provision being in the nature of a "penalty."

### CIVIL AND CRIMINAL PENALTIES

While primary enforcement of the bill would be accomplished under the administrative enforcement section discussed above, further provision is made for the institution of civil action by an aggrieved debtor. Any creditor failing to disclose required information would be subject to a civil suit with a *penalty* equal to twice the finance charge, with a minimum *penalty* of $100 and a maximum *penalty* not to exceed $1,000 on any individual credit transaction. However, the bill specifically exempts credit advertising from the application of civil *penalties.*
Section 206(a)—Civil Penalties. This subsection sets forth civil *penalties* of double the finance charge where the minimum of $100 and a maximum of $1,000, for failure to comply with section 203 [other than the advertising requirements]. It permits a creditor to defend against a civil action by proving that failure to disclose was an unintentional error. (Emphasis added). House Rep. No. 1040, *1968 U.S.Code Cong. and Admin.News,* pp. 1976, 1987.

\* \* \* \* \* \*

*Civil liability.* Section 185 of this [consumer leasing] bill incorporates the civil *penalty* provisions of the existing Truth-In-Lending Act, and makes clear that the term "creditor" in those provisions includes lessors under this Act.
The formula for individual *penalty* recoveries in Truth-In-Lending (twice the finance charge in the transaction) is inappropriate for violations of this Act since leases generally do not contain identifiable finance charges. (Emphasis added). Senate Rep. No. 94–590, *1976 U.S.Code Cong. and Admin.News,* at p. 438.

\* \* \* \* \* \*

*Section 515. Civil Liability*—This section is intended to restrict the scope of creditor civil liability for statutory *penalties* to only those disclosures which are of material importance in credit shopping. The committee believes this will eliminate litigation based on purely technical violations of the Act. The civil liability for actual damages and administrative liability will continue to attach to all the Act's requirements. (Emphasis added). Senate Rep. No. 96–368, *1980 U.S.Code Cong. and Admin.News,* at p. 267.

That this statutory award is in the nature of a "penalty" is further attested to by the fact that the borrower may recover it even in the absence of any actual damages. *Davis v. Werne,* 673 F.2d 866, 869 (5th Cir.1982). In this court's view, the statutory award provision of the TILA is not aimed at compensating the borrower for actual damages, because the borrower was not deprived of his own money by the violation. When resorting to this award provision, there is nothing to give *back* to the

creditor that was rightfully his all along. There is instead a windfall, which encourages those borrowers to act as "private attorneys general" (*Davis,* 673 F.2d at 869) by bringing actions for compliance and which also deters creditors from violating the Act. Because the statutory award is a penalty, and not compensation, pre-judgment interest should not be afforded.

The Marshalls' remaining argument is that the statutory award is a liquidated damages provision as opposed to a penalty provision and thus that pre-judgment interest can properly be awarded. This argument is without merit because, as noted in recent Seventh Circuit authority, pre-judgment interest cannot be awarded on top of liquidated damages. *Graefenhain v. Pabst Brewing Company,* 870 F.2d 1198, 1210–11 (7th Cir.1989) (and cases cited therein). In a sense, the Marshalls' contention that the statutory award amounts to liquidated damages may not be all that far from the mark. Although authority has described that provision as a "penalty," the two terms may not necessarily be any different in the context of the issue of pre-judgment interest. Neither a penalty nor liquidated damaged attempt to recompense a party for actual damages. Instead, they set a figure which is designed to secure compliance as opposed to making the aggrieved party whole. In any event, whether the statutory award in the TILA is a penalty, as this Court believes, or liquidated damages, as the Marshalls suggest, it may not be compounded with pre-judgment interest.

## CONCLUSION

For the reasons set forth above, the opinion of the bankruptcy court is AFFIRMED, and the clerk is instructed to enter judgment in favor of the Defendant–Appellee and against the Plaintiffs–Appellants.