In the Matter of Jerry L. MARSHALL and Henrietta S. Marshall, Debtors.

Jerry L. MARSHALL and Henrietta S. Marshall, Plaintiffs–Appellants,

v.

SECURITY STATE BANK OF HAMILTON, Defendant–Appellee.

No. 91–3662.

United States Court of Appeals, Seventh Circuit.

Argued May 21, 1992.

Decided Aug. 7, 1992.

William M. McCleery, Jr., Schmiedeskamp, Robertson, Neu & Mitchell, Quincy, Ill. (argued), for appellee.

Barry M. Barash, Barash, Stoerzbach & Henson, Galesburg, Ill. (argued), for debtors-appellants.

Before CUMMINGS and FLAUM, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

CUMMINGS, Circuit Judge.

This appeal involves a dispute over prejudgment interest amounting to $50.46, according to the calculations of plaintiffs' counsel. In August 1989 plaintiffs Jerry L. Marshall and his wife Henrietta Marshall refinanced their loans with the defendant Security State Bank of Hamilton, Illinois, in the amount of $16,885.44, which included a November 1988 loan to purchase an automobile. The instrument evidencing the consolidated loan was a preprinted combined note, security agreement, and Truth in Lending disclosure statement. Plaintiffs subsequently filed a Chapter 13 proceeding in the bankruptcy court in January 1990 and their plan of reorganization was approved in March of that year. They then commenced an adversary proceeding in the bankruptcy court claiming that the disclosure statement (known as the "federal box") did not show the existence of a security interest in their Oldsmobile automobile, as required under Regulation Z, 12 C.F.R. §§ 226.17–226.18. The bank had disclosed that it was taking a security interest in plaintiffs' automobile in the security agreement itself, but had disclosed in the "federal box" only that "collateral securing other loans with you may also secure this loan."

In December 1990, Bankruptcy Judge Altenberger issued an opinion finding that the disclosure statement did violate the Truth in Lending Act ("TILA"). Because the plaintiffs had not shown, or even claimed, any actual damages, the judge awarded the Marshalls statutory damages in the amount of $1,000, together with reasonable attorney's fees and costs as provided in 15 U.S.C. § 1640(a)(2). *In re Marshall*, 121 B.R. 814 (Bankr.C.D.Ill.1990). This is the maximum permitted by the Act when, as here, no actual damages are sustained. The bankruptcy judge simultaneously denied plaintiffs' request for prejudgment interest on the ground that statutory damages fully compensated them in the absence of their suffering any actual damage or loss.

The bank did not appeal the bankruptcy judge's ruling that it had violated the TILA. Plaintiffs, however, appealed the judge's decision to deny prejudgment interest. In October 1991, District Judge Mihm affirmed the decision of the bankruptcy court. *In re Marshall*, 132 B.R. 904 (C.D.Ill.1991). Plaintiffs have appealed from that order. We agree with Judge Mihm's order and accompanying opinion and accordingly affirm.

Analysis

Section 1640 of the TILA governs this case. Under Section 1640, a creditor who fails to comply with the Act is liable for actual damages or statutory damages of twice the finance charge but not less than $100 or more than $1,000. 15 U.S.C. § 1640(a).[1] The statute does not provide

---

1. 15 U.S.C. § 1640 provides in applicable part:

(a) Except as otherwise provided in this sec-

tion, any creditor who fails to comply with any

for any prejudgment interest. Here the defendant bank committed a technical error under the statute in refinancing the Marshalls' loan when it failed to refer specifically in the "federal box" to a security interest in their automobile, although it was otherwise described in the security agreement.

Plaintiffs rely on two of our recent cases that seem to favor the granting of prejudgment interest when damages are awarded for violations of federal law. See *Lorenzen v. Employees Retirement Benefit Plan of Sperry & Hutchinson*, 896 F.2d 228, 236 (7th Cir.1990) (noting as salutary the trend in favor of awarding prejudgment interest in suits under federal statutes); *Gorenstein Enterprises, Inc. v. Quality Care–USA, Inc.*, 874 F.2d 431, 436 (7th Cir.1989) ("The time has come, we think, to generalize, and to announce a rule that prejudgment interest should be presumptively available to victims of federal law violations."). *Lorenzen* and *Gorenstein* are much different than our case here, because the plaintiffs in those cases had shown actual damages based on violations of ERISA and trademark law, respectively. Here, in contrast, the Marshalls were not deprived of any money nor was the bank enriched. Moreover, they suffered neither economic loss nor unjust deprivation of any money. Therefore the rationale for awarding them prejudgment interest—that otherwise compensation is incomplete and the defendant is unjustly enriched—does not apply in this case.

Plaintiffs' argument that the award they received is in the nature of "liquidated damages" and that therefore prejudgment interest is appropriate is also unavailing. We initially note that the case upon which plaintiffs rely, *Smith v. No. 2 Galesburg Crown Finance Corp.*, 615 F.2d 407, 414 (7th Cir.1980), states that "[t]here is no question that TILA creates a cause of action for a civil penalty."[2] Prejudgment interest is not available in the case of penalties. *Illinois Cent. R.R. Co. v. Texas Eastern Transmission Corp.*, 551 F.2d 943 (5th Cir.1977). Although the Court in *Smith* held that the statute was not penal for the purposes of survival, it was careful to limit its holding to that particular issue and did not repudiate its characterization of the statute as a penalty, noting that both the legislative history and the Supreme Court refer to the statute as a penalty. *Id.* Nevertheless, plaintiffs argue that the award under the statute is not a penalty but reflects liquidated damages because it compensates for the fact that actual damages for a TILA violation are often difficult to prove. See, *e.g.*, *Adiel v. Chase Federal Savings and Loan Association*, 810 F.2d 1051 (11th Cir.1987).[3]

It is perhaps true that the award of statutory damages under TILA may be described as an award of liquidated damages. But even if the statutory damages are considered liquidated damages, prejudgment interest remains inappropriate. The statutory damages under TILA, if viewed as liquidated damages, represent no more than a rough guess on the actual damages.[4] There is no reason to think that adding prejudgment interest improves upon

requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of the failure;

(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, or (ii) in the case of an individual action relating to a consumer lease under part E of this subchapter, 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000.

2. *Smith* was overruled in part on an unrelated issue in *Pridegon v. Gates Credit Union*, 683 F.2d 182, 194 (7th Cir.1982).

3. Interestingly, the plaintiffs in *Adiel*, representatives of a class that had been awarded $287,-375.99 for TILA violations, sought to change the basis of the award from statutory damages to actual damages for the very purpose of obtaining prejudgment interest. The *Adiel* plaintiffs did not attempt to argue that statutory damages were entitled to prejudgment interest.

4. Indeed, in this case it seems clear that plaintiffs have suffered no actual damages.

the accuracy of this rough guess. Plaintiffs have given no persuasive reason to indicate that Congress intended courts to enter judgments like $1,050.46, and not $1,000, when it created the TILA scheme. We agree with the comments of bankruptcy judge Altenberger, who at a hearing to reconsider his prejudgment interest ruling said:

> [H]ere there weren't any actual damages. [Plaintiffs] are relying on the statutory damages; and it seems to me that Congress has said this is what the award's going to be; and that award is under the statute.  * * *  [W]here you have an arbitrary establishment of damages that has no relationship to what the actual damages might be * * * you should [not] tack on prejudgment interest because the full compensation to these victims is what Congress says it should be.

(Plaintiffs' Br.App., Document 2, p. 8).

Our conclusion is confirmed by analogy to cases discussing prejudgment interest with regard to the liquidated damages provision of the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. §§ 621–634) and other federal statutes. Our Court follows the majority rule that an award of liquidated damages under ADEA is not subject to prejudgment interest. See *Graefenhain v. Pabst Brewing Company,* 870 F.2d 1198, 1210 (7th Cir.1989) (citing cases). Similarly, prejudgment interest was barred under the liquidated damages provision of the 1938 Fair Labor Standards Act (52 Stat. 1060, 1069) because Congress did not provide for it. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 715–716, 65 S.Ct. 895, 906, 89 L.Ed. 1296. And in *Rodgers v. United States,* 332 U.S. 371, 373–374, 68 S.Ct. 5, 6–7, 92 L.Ed. 3, a suit to recover a money penalty under Section 348 of the Agricultural Adjustment Act of 1938 as amended, the Supreme Court declined to award prejudgment interest, reasoning that it is inappropriate where, as here, a plaintiff has not suffered actual

money damages by a defendant's breach of an obligation.[5] Here, since the uninjured plaintiffs have been awarded statutory damages, prejudgment interest would be inappropriate.

For the foregoing reasons, judgment is affirmed.

---

**5.** See also *Montelongo v. Meese,* 803 F.2d 1341, 1354 (5th Cir.1986) (prejudgment interest not allowed on an award of liquidated damages under the Farm Labor Contractor Registration Act, which like the TILA offers plaintiffs a choice of proving actual damages or receiving liquidated damages), certiorari denied, 481 U.S. 1048.