**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 96-31019
_____


BARBARA GEORGE and TASHA WILLIAMS,

                                        Plaintiffs-Appellees-
                                            Cross-Appellants,

                        v.

DALE FOSTER, et al.,

                                            Defendants,

RACETRAC PETROLEUM, INC.,

                                        Defendant-Appellant-
                                            Cross-Appellees.


_____

Appeal from the United States District Court
for the Western District of Louisiana
(94-CV-1778)
_____
October 15, 1997

Before KING, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[*]

In this hostile work environment sexual harassment case, Defendant-Appellant-Cross-Appellee Racetrac Petroleum, Inc. (Racetrac) appeals the district court's denial of its motion for a new trial on the grounds that (1) the evidence did not support the

---

[*]    Pursuant to 5TH CIRCUIT RULE 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

award of punitive damages to Plaintiffs-Appellees-Cross-Appellants Barbara George and Tasha Williams (collectively, plaintiffs) and (2) alternatively, the punitive damages award was excessive and should have been remitted. Racetrac also asserts that the district court erred in denying its motion to set aside the jury's verdict awarding mental anguish damages to plaintiff George. On cross-appeal, plaintiffs seek to have the amount of compensatory damages increased.

Having thoroughly reviewed the briefs and the record in this case, we conclude that the district court did not abuse its discretion in denying Racetrac's motion to set aside the verdict and motion for a new trial and remittitur, and we therefore affirm the judgment in those respects. Additionally, we dismiss plaintiffs' cross-appeal because plaintiffs failed to make a motion for a new trial in the district court. Finding that prejudgment interest does not further the purpose of punitive damages, however, we reverse the district court's award of prejudgment interest on plaintiffs' punitive damages award.

We set forth our reasons for the reversal of the district court's assessment of prejudgment interest on plaintiffs' punitive damages award. We have established a two-step analysis for determining whether prejudgment interest should be awarded under federal statutes. Employing this analysis, the court must ask: "[D]oes the federal act creating the cause of action preclude an award of prejudgment interest, and if not, does an award of

prejudgment interest further the congressional policies of the federal act."[1]  If prejudgment interest can be awarded under this test, the award of such interest is within the discretion of the trial court.[2]  As Title VII is silent on the question of prejudgment interest in general, the crucial question here is whether an award of prejudgment interest on punitive damages would advance the policy goals of § 1981a(b)(1) of the Civil Rights Act of 1991 (the Act) by punishing an employer who discriminates "with malice or with reckless indifference to the federally protected rights" of an employee.  Plaintiffs argue that prejudgment interest would advance this punitive goal by (1) further punishing those who violate the Act and (2) encouraging employers to settle meritorious claims.

In West Virginia v. United States,[3] the Supreme Court explained the purpose of prejudgment interest:  "Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress."[4]  We have not specifically addressed the

---

[1]    Carpenters Dist. Council of New Orleans and Vicinity v. Dillard Dep't Stores, 15 F.3d 1275, 1288 (5th Cir. 1994), cert. denied, 513 U.S. 1126, 115 S. Ct. 933, 130 L. Ed. 2d 879 (1995).

[2]    Id.

[3]    479 U.S. 305, 107 S. Ct. 702, 93 L. Ed. 2d 639 (1987).

[4]    Id. at 310 n. 2, 107 S. Ct. at 706 n. 2.

3

issue of prejudgment interest on punitive damages under Title VII, but we have held that awards that are penal in nature do not draw interest.[5]  As we noted in <u>Illinois Central Railroad Co. v. Texas Eastern Transmission Corp.</u>:

> The rationale of the rule that penalties do not draw prejudgment interest is that a penalty does not reflect damages to the plaintiff but is assessed to encourage certain conduct on the part of the party penalized. Interest on a penalty does not further the purpose of making an injured party whole.[6]

Most other courts that have addressed the issue agree that prejudgment interest is basically compensatory and generally should not be granted on punitive damages.[7]  We adopt the view of these

---

[5]    <u>Illinois Central R.R. Co. v. Texas E. Transmission Corp.</u>, 551 F.2d 943, 944 (5th Cir. 1977) (citing <u>Rodgers v. United States</u>, 332 U.S. 371, 373, 68 S. Ct. 5, 7, 92 L. Ed. 3 (1947) and <u>United States v. West Texas Cottonoil Co.</u>, 155 F.2d 463, 466 (5th Cir. 1946)).

[6]    <u>Id.</u>

[7]    <u>See</u> <u>United States v. Reul</u>, 959 F.2d 1572, 1578 (Fed. Cir. 1992); <u>Wickham Contracting Co. v. Local Union No. 3, Int'l Brotherhood of Elec. Workers, AFL-CIO</u>, 955 F.2d 831, 834-35 (2d Cir. 1992), <u>cert. denied</u>, 506 U.S. 946, 113 S. Ct. 394, 121 L. Ed. 2d 302 (1992) ("prejudgment interest should not be awarded if the statutory obligation on which interest is sought is punitive in nature" or the "statute itself already provides for . . . punitive damages") (citing <u>Rodgers v. United States</u>, 332 U.S. 371, 374-76, 68 S. Ct. 5, 7, 92 L. Ed. 3 (1947)); <u>Fortino v. Quasar Co.</u>, 950 F.2d 389, 397-98 (7th Cir. 1991) (prejudgment interest not available for punitive damages in age discrimination case); <u>Emmel v. Coca-Cola Bottling Co. of Chicago, Inc.</u>, 904 F. Supp. 723, 734 (N.D. Ill. 1995), <u>aff'd</u>, 95 F.3d 627 (7th Cir. 1996) (prejudgment interest not available for punitive damages in Title VII sexual harassment case); <u>Nu-Life Constr. Corp. v. Board of Educ. of City of New York</u>, 789 F. Supp. 103, 104 (E.D.N.Y. 1992); <u>In re Marshall</u>, 132 B.R. 904, 906 (C.D. Ill. 1991), <u>aff'd</u>, 970 F.2d 383 (7th Cir. 1992).

4

courts and hold that the district court erred in awarding prejudgment interest on plaintiffs' punitive damages award.

Accordingly, we reverse the district court's award of prejudgment interest on plaintiffs' punitive damages award. We dismiss plaintiffs' cross-appeal, and in all other respects we affirm the judgment of the district court. AFFIRMED in part; REVERSED in part; cross-appeal DISMISSED.