Gloria Piper COTTON and Thomas E. Cotton, Plaintiffs-Appellants,

v.

FEDERAL LAND BANK OF COLUMBIA, etc., et al., Defendants-Appellees.

No. 81-7526.

United States Court of Appeals, Eleventh Circuit.

May 24, 1982.

Rehearing and Rehearing En Banc Denied Aug. 3, 1982.

Brian N. Smiley, Atlanta, Ga., for plaintiffs-appellants.

Jones Webb, Webb, Fowler & Tanner, J. L. Edmondson, Lawrenceville, Ga., for defendants-appellees.

Before TUTTLE, KRAVITCH and JOHNSON, Circuit Judges.

TUTTLE, Circuit Judge:

This is an appeal from a summary judgment dismissing the complaint of the Cottons on the basis of res judicata, the trial court finding that a prior judgment of the Supreme Court of Georgia barred this present action.

A severely truncated statement of the background necessary to an understanding of the case follows: Mrs. Cotton signed two security deeds on her land in Gwinnett County, Georgia to secure promissory notes in excess of $100,000 signed by her and her husband in favor of the Federal Land Bank of Columbia. Alleging default in payment of the agreed amounts, the Land Bank gave notice of foreclosure and filed a foreclosure

suit in the Superior Court of Gwinnett County. This foreclosure proceeding was, of course, filed only against Mrs. Cotton, who had executed the security instruments. Thereafter, *Mr.* and Mrs. Cotton *jointly* filed a complaint in the United States District Court for the Northern District of Georgia against the Bank, seeking to have the security deeds set aside on several grounds, seeking damages in substantial amounts for the Bank's breach of its agreement to disburse the funds and, by amendment, seeking to enjoin the foreclosure in the state court. The United States Court stayed the proceedings, pending the disposition of the foreclosure suit in the state proceedings, which were terminated in superior court, appealed to the Court of Appeals, remanded to the state court for further findings with respect to the representation of Mrs. Cotton by counsel, and then appealed to the Georgia Supreme Court. The net result of all of this litigation was that the Georgia court affirmed the judgment of the superior court ordering the foreclosure to proceed.

Subsequently, the Cottons reactivated their Federal Court suit, which was then met by a plea of res judicata by the Bank. Thomas Cotton responded to the plea by stating that the foreclosure proceeding was not against him, but only against Mrs. Cotton and thus he should not be bound. She, for her part, claims that she should not be bound because she was not in fact represented by counsel at the foreclosure hearings, which she alleges were held without notice to her and without her presence in court.

The district court held that the affirmance by the Court of Appeals and Supreme Court of Georgia of the judgment of the Gwinnett Superior Court which had "found that Mrs. Cotton was represented by counsel at that hearing" precluded the raising of this issue by Mrs. Cotton again in the Federal Court.

■ With respect to the plaintiffs' challenge as to the validity of the notes and

security deeds, their allegations that the Truth in Lending Act was violated and their challenge to the validity of the foreclosure sale were equally barred by the doctrine of res judicata, the court said:

Even if these claims were not actually litigated in the state court actions, they are claims that could—and should—have been raised in that forum. "Res judicata prevents all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceedings." *Brown v. Felson [Felsen],* 442 U.S. 127, [99 S.Ct. 2205, 60 L.Ed.2d 767] (1979). In determining whether the Federal Land Bank had the right to foreclose on the security deeds, the Superior Court of Gwinnett County would necessarily have considered the validity of the notes and the validity of the deeds to secure debt securing those notes; such a determination would, of necessity, have included consideration of any Truth in Lending violations which might have occurred.

We agree with this determination by the trial court respecting Mrs. Cotton's claim here.

■ Mr. Cotton claims that since he was not a party to the state court actions, he could not be bound by the doctrine of res judicata. He bases his claim for relief on the fact that he was the lessee of part of the lands which were being foreclosed by the Bank. Citing *Aerojet-General Corp. v. Askew,* 511 F.2d 710, 719 (5th Cir. 1975), the trial court stated:

This court finds as a matter of law that the interest of the Cottons in the State Court action were closely aligned (as co-signers on the notes) and that Mrs. Cotton was the virtual representative of Mr. Cotton.

In *Aerojet* the Court of Appeals for the Fifth Circuit [1] said: "under the Federal law of res judicata a person may be bound by a judgment even though not a party if one of

---

1. Pursuant to the principle set out by this Court *en banc* in *Bonner v. City of Pritchard,* 661 F.2d 1206, (11th Cir. 1981), we are bound by the precedents in all Fifth Circuit cases decided prior to October 1, 1981.

the parties to the suit is so closely aligned with his interests as to be its virtual representative." 511 F.2d 710 at 719 (footnote omitted.)

The trial court not only pointed to the fact that the Cottons were co-signers of the notes that were secured by the security deeds but that in the suit filed in the United States Court, seeking an injunction against the foreclosure, Mr. and Mrs. Cotton were designated as the "plaintiffs" and the complaint alleged *"plaintiffs* and defendants (Land Bank) entered into a contract in 1972 in which *plaintiffs* executed a security deed to defendants." (emphasis added.) The complaint also alleged "defendants breached their contract with *plaintiffs* by not making funds available to plaintiff for the purposes of completing a certain egg processing plant" (emphasis added) and for failing to make available certain funds held in escrow for plaintiff to be used in finishing of plaintiff's residence. Then in a subsequent count, it alleges "in July 1974 *plaintiffs* executed an additional security deed to additional acreage property in favor of defendants." (emphasis added.) The final allegation in the complaint states as follows:

Plaintiffs' properties have now been abandoned back to the plaintiffs by the Bankruptcy Court for the Northern District of Georgia. Defendants are preparing to foreclose and sell off the property referenced in this complaint in spite of the fact that this lawsuit has been filed with respect to their claims *against the plaintiffs.* Should the properties be sold, plaintiffs will be irreparably damaged. Therefore, defendants should be enjoined from foreclosure until the merits of this case be heard. (emphasis added.)

Subsequent paragraphs of the complaint seeking relief indistinguishably referred to the "plaintiff" and the "plaintiffs."

Whether the district court determined on the record before it that Mrs. Cotton was the "virtual representative" of her husband in the state court proceedings or that she was in fact his alter ego makes no difference. This is a different way of saying the same thing. When Cotton and his wife filed a complaint in the United States District Court and alleged that defendant, the plaintiff in the state court foreclosure proceedings, entered into a contract in 1972 in which "plaintiffs (Mr. and Mrs. Cotton) executed a security deed to defendants" and further alleged that the Bank "breached their contract with the plaintiffs by not making funds available, etc." it would blink reality for us to say that the trial court erred in finding that Cotton so identified himself in the litigation dealing with the foreclosure of the security deeds as to make it his own litigation. The trial court could hardly ignore the affirmative statement, twice used in the complaint, that *Mr.* and *Mrs.* Cotton entered into the security deed arrangement with the Bank. Moreover, by filing the suit in the United States Court, seeking to enjoin the state foreclosure proceeding, the husband fully injected himself into the defense of the state court suit. His prayer for an injunction against the state court proceeding was merely a procedural gambit in an effort to defend against the foreclosure proceedings. He thus became a party to the state court litigation to all intents and purposes, including the binding effect of res judicata by the termination of that litigation.

The facts here before the Court are so unique in the extent to which the "non-party," (Mr. Cotton) busied himself about the state court litigation that we find no Fifth Circuit or other court precedents to conflict with the determination of the trial court here that, as a matter of law, Thomas E. Cotton was so aligned in the interests of his wife in the state court litigation that she was his "virtual representative." This is also consistent with Professor Moore's comment:

If a non-party who thus participates in litigation has an interest sufficiently close to the matter in litigation, and has adequate opportunity to litigate in support of or in defense against the cause of action on which the suit is based, the policies underlying the doctrine of judicial finality require that the participating non-party should be bound by the resulting judgment to the same extent as though he were a party to the action . . . .

The general rule as to judicial finality with respect to nonparties who participate in litigation is stated in the leading case of *Souffront v. Comppagnie des Sucreries*, 217 U.S. 475, 486–487 [30 S.Ct. 608, 612, 54 L.Ed. 846] (1910). Moore 1B 0.411[6] p. 1552–3.

In *Souffront* we find the following language:

The case is within the principle that one who prosecutes or defends a suit in the name of another to establish or protect his own right *or who assists in the prosecution or defense of an action in aid of some interest of his own*, and who does this openly to knowledge of the opposing party, is as much bound by the judgment and is fully entitled to avail himself of it as estoppel against an adverse party, as he would be if he had been a party to the record. *Lovejoy v. Murray* [70 U.S. 1] (3 Wall. 1) [18 L.Ed. 129]. (emphasis added.)

217 U.S. at 487, 30 S.Ct. at 612.

The judgment is AFFIRMED.