536 So.2d 1063 (1988)
Albert R. CORY, Appellant,
v.
Dorothea C. CORY, Appellee.
No. 87-2773.
District Court of Appeal of Florida, Second District.
November 4, 1988.
Richard W. Carr of Carr & Schnell, St. Petersburg, for appellant.
Philip A. McLeod, St. Petersburg, for appellee.
SCHEB, Acting Chief Judge.
Albert R. Cory, the husband, appeals a final judgment distributing marital assets *1064 ancillary to the dissolution of his marriage to Dorothea C. Cory. We affirm in part and reverse in part.
The parties, now in their sixties, were married in 1972. Both had been married previously and each brought certain assets into the marriage. During the eight years the couple lived together, their assets were retitled and moved from account to account many times. In 1980, the wife petitioned and the husband counter-petitioned for dissolution. Final resolution was delayed due to the wife's incompetency for about two and one-half years and the highly contested nature of the proceedings concerning the parties' property rights. Early in the course of the litigation, at the husband's request, the wife's son by a previous marriage, Jayce P. Walters, was joined as a party. The husband contended that Walters engaged in conduct calculated to divest the husband of certain marital assets. A bifurcated judgment was entered dissolving the marriage. After massive discovery, a final hearing was held to resolve the matter of property distribution. After taking evidence and reviewing written arguments, the trial judge entered a final judgment distributing the marital assets.
On appeal, the husband contends that the trial judge erred in the credence he placed on the parties' testimony and in the division of marital properties. He also argues that the trial court erred in failing to rule on the liability of the wife's son, Jayce P. Walters, to the husband or the marital estate.
We reject the husband's first two contentions. It is basic that the trial court is the sole judge of the credibility of witnesses. Perry v. Perry, 97 So.2d 152 (Fla. 3d DCA 1957). While we may not have ordered the distribution of properties in the same manner as the trial judge had we been sitting as trial judges, it is not the province of this court to reevaluate the evidence to arrive at conclusions which we may consider more just or equitable. McCray v. McCray, 493 So.2d 1117 (Fla. 1st DCA 1986). A trial court has broad discretion in deciding how marital assets are to be distributed, and we cannot say the court abused its discretion in this case. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Lyons v. Lyons, 436 So.2d 156 (Fla. 2d DCA 1983).
We agree, however, with the husband's third contention. We believe the trial court erred in failing to rule on the liability of Jayce P. Walters. Walters' liability was litigated with considerable testimony being presented on the issue of his involvement in the marital assets of the parties. Therefore, it was the duty of the trial court to enter a definitive ruling on this issue. Otherwise, appellate review on this aspect is impossible.
Accordingly, we affirm the final judgment but direct that the trial court rule on the issue of Walters' liability. Such order may be appealed by any aggrieved party by the timely filing of a new appeal.
DANAHY and FRANK, JJ., concur.