CAMPBELL, Acting Chief Judge.
This appeal arises out of a dissolution of marriage proceeding between appellee, Albert R. Cory, and Dorothea C. Cory, which was the subject of this court’s earlier opinion in Cory v. Cory, 536 So.2d 1063 (Fla. 2d DCA 1988) (Cory I). Appellant, Jayce P. Walters, Mrs. Cory’s son by a previous marriage, challenges the trial court order, entered on remand from Cory I, awarding a $1,212,993.66 judgment in favor of appel-lee and finding twenty separate transactions by which appellant had improperly caused transfers of property to his benefit and to the detriment of appellee. We reverse.
Appellant was made a party to the dissolution proceeding by appellee. That proceeding was lengthy and acrimonious. Ap-pellee/husband, in a counterpetition for dissolution, alleged that the wife, Dorothea C. Cory, was guilty of fraud, deceit, duress and coercion regarding marital properties of the parties over which the wife exercised control. Appellee argues in this appeal that appellant was properly included in those allegations of fraud “by implication.”
In the dissolution proceeding, the trial judge bifurcated the final judgment, separating the dissolution itself from that por *1147 tion of the final judgment which distributed the marital assets. In the final order distributing marital assets, the trial judge found and ordered as follows:
2. Considerable testimony and supporting documents were presented to the court which clearly demonstrate that the parties disagree on almost every issue presented to the court at this time. The tangled web of financial and property transactions would do justice to the most inventive minds of parties having far greater financial worth than these parties. Neither party has shown by a preponderance of evidence that there is any clear pattern of deception or fraud by the other or that either party is without fault or blame for the financial mess in which the parties now find themselves.
The intention of the parties regarding their respective property rights is so clouded by their bitterness toward each other and the frequently conflicting and irreconciliable [sic] interpretation that each party puts on the same transactions that this court must rely largely on what was done rather than on what the parties intended to do.
[[Image here]]
4. Court ordered distribution of marital personality [sic] is seldom pleasing to the parties and usually results in protracted litigation. In light of the bitterness of these parties toward each other, and their lengthy separation since the Final Judgment, and the conflicting testimony concerning the personality [sic], even as to the descriptions and existance [sic] of the involved personality [sic], such distribution of personality [sic] in this case is fraught with considerable danger of inequity and is undertaken with great trepidation. Hercules’ task in cleaning the Stygian stables appears easy in comparison.
In Cory I, appellee, Albert R. Cory, challenged the distribution of the marital assets. Although this court in Cory I fully affirmed the distribution of assets, we reversed and remanded to allow the trial court to rule on appellant’s, Jayce P. Walters, liability. That issue had been litigated in the trial court, but had simply not been finally adjudicated. In our order of reversal in Cory I, we did not pass upon the issue of appellant’s liability to appellee. We simply noted that the trial court had failed to rule on that issue and remanded to allow the trial court to enter a ruling and dispose of that issue. On remand, the court found that appellant was liable to appellee, and entered final judgment against appellant Walters and in favor of appellee Cory for $1,212,993.66.
That final judgment contains twenty separately numbered paragraphs each enumerating separate transactions by which the court found that appellant had improperly caused transfers of property to his benefit and to the detriment of appellee Cory. We find no evidence in the record to support such a judgment against appellant. Most of those transfers were effected by or through the efforts of Mrs. Cory. Inasmuch as all claims to marital assets between Mr. and Mrs. Cory were disposed of in the judgment appealed in Cory /, those matters were not the proper subject of the judgment that is now on appeal. Moreover, since in the distribution of marital assets the trial judge could find no clear pattern of fraudulent-type activities by which to charge either Mr. or Mrs. Cory, and since appellee admittedly accuses appellant of such activity only “by implication” from Mrs. Cory’s actions, we conclude that a finding now pertaining to fraudulent activities by appellant regarding those marital assets, without further evidence, is improper. On remand from this court’s previous opinion, no further eviden-tiary hearings were held and the judgment that is now appealed was based solely on the record before this court in Cory I.
Finding no evidence to support the judgment now on appeal, we reverse and remand.
LEHAN and THREADGILL, JJ., concur.