**In re Robert DANIELS, Debtor.**

**Robert Daniels, Plaintiff,**

v.

**Funding USA, Inc., Defendant.**

**Bankruptcy No. 04–50532 BKC LMI.**
**Adversary Nos. 04–5009–BKC–LMI–A, 05–05001–BKC–LMI–A.**

United States Bankruptcy Court,
S.D. Florida.

Aug. 22, 2006.

Carolina A. Lombardi, Miami, FL, for Debtor and Plaintiff.

Glenn R. Mee, Esq., Ft. Lauderdale, FL, Lawrence M. Shoot, Esq., Miami, FL, for Defendant.

### AMENDED ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE PLAINTIFF'S FIRST AMENDED COMPLAINT [1]

LAUREL MYERSON ISICOFF, Bankruptcy Judge.

This matter came before this Court on Defendant's Motion for Summary Judgment on the Plaintiff's First Amended Complaint (CP # 97). For the reason's set forth below, the Motion is DENIED.

---

1. This Amended Order corrects a typographical error on page 10.

2. There are several material facts in dispute, however, there is no dispute as to the facts

### Factual Background [2]

Debtor, Robert Daniels (the "Debtor") owns a home located at 15700 N.W. 26th Avenue, Opa Locka, Florida 33054 (the "Residence"). Debtor is approximately 75 years old. He has an eighth grade education, and his sole source of income is his Social Security payment of approximately $830.00 a month.

On September 22, 2003, the lender holding a first mortgage on the Debtor's primary residence filed a foreclosure action. Sometime in late September or the very first of October 2003 the Debtor contacted, or was contacted by, Defendant Funding USA, Inc. ("Funding USA") regarding the refinancing of the first mortgage. The foreclosure sale was continued by the state court, apparently based on Debtor's representation to the state court that he was in the process of seeking refinancing. The foreclosure sale was rescheduled to January 15, 2004.

For reasons which are disputed between the parties, the closing of the refinancing did not take place until January 14, 2004, the day before the foreclosure sale. At the closing, the Debtor entered into two loans—one with Yale Mortgage Corp. in the principal amount of $60,125.00, and a second mortgage with Funding USA, in the principal amount of $10,802.00 (the "Funding Mortgage"). At the closing the Debtor hand wrote and signed a document waiving his right to "reside" [sic] because his home was set for foreclosure sale the next day.

The Debtor did not make any payments to Funding USA and on April 5, 2004 Funding USA filed an action in state court to foreclose its second mortgage (the

---

that are necessary to rule on the motion for summary judgment and only undisputed facts are included here.

"Funding Foreclosure Action"). In response to the foreclosure complaint Debtor wrote a letter to the court on April 14, 2004, marked as an "answer" and the state court judge held a hearing, after which the state court entered a summary final judgment of foreclosure (the "Funding Final Judgment"). The foreclosure sale was scheduled for September 2, 2004. The Debtor was not represented by counsel in the Funding Foreclosure Action.

Debtor filed for protection under chapter 13 of the United States Bankruptcy Code on September 1, 2004.

On September 30, 2004, the Debtor sent a letter to Funding USA exercising his right to rescind, and alleging in the letter that the Debtor's right to rescind was extended because Funding USA did not provide the Debtor with disclosures required under the Truth in Lending Act (15 U.S.C. § 1601, et seq) ("TILA"), and required by Regulation Z (12 C.F.R. Part 226) ("Reg Z"), and did not comply with the Home Ownership and Equity Protection Act (15 U.S.C. § 1639—a subsection of TILA) ("HOPEA"). Funding USA received the rescission notice but did not rescind the Funding Mortgage.

### Procedural Background

On November 30, 2004, Debtor filed his original two-count complaint against Funding USA[3], seeking rescission of the Funding Mortgage based on violations of TILA, HOPEA, and Reg Z, and statutory damages and voiding of the lien, as authorized under those statutes. The complaint also sought damages arising from breach of fiduciary duty, alleging Funding USA breached its fiduciary duty to the Debtor due to the manner in which Funding USA handled the refinancing.

On January 14, 2005, Funding USA filed a motion to dismiss, one basis of which was that the Debtor's claim for rescission and damages arising from alleged TILA violations was barred by the res judicata effect of the Funding Final Judgment. The Court denied the motion to dismiss and Funding USA eventually filed an answer.

On June 10, 2005, Funding USA filed a motion for summary judgment, once again raising the issue of res judicata. On August 24, 2005 the Debtor filed a motion to amend the complaint for the sole purpose of fixing some alleged numerical errors, and also filed a motion for partial summary judgment on the HOEPA issue. The First Amended Complaint was filed the same day.

On October 5, 2005, this Court entered an order denying the Motion for Summary Judgment filed by Funding USA and the Motion for Partial Summary Judgment filed by the Debtor. Funding USA appealed the order, but that appeal was dismissed by the District Court on March 13, 2006.

Apparently not ready to accept defeat, Funding USA has once again filed a Motion for Summary Judgment based on res judicata, now seeking final judgment on the First Amended Complaint. The Debtor has filed his response. Although the Court is tempted to incorporate by reference this Court's prior order, in light of Funding USA's apparent inability to accept the Court's adverse view of the res judicata argument, and, to provide some benefit to the District Court should Funding USA fail to prevail at trial and seek to appeal this matter, the Court provides this order, which constitutes its conclusions of law on the issue of res judicata in this matter.

---

**3.** The Debtor filed a separate adversary proceeding (05–05001) against Yale Mortgage Corp. on March 25, 2005. The two adversary proceedings have been consolidated for trial.

### Summary Judgment Standard

Federal Rule of Civil Procedure 56 governing summary judgment applies in an adversary bankruptcy proceeding. Accordingly, summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering whether a genuine issue of material fact remains for trial, the Court must "view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Loren v. Sasser*, 309 F.3d 1296, 1301–1302 (11th Cir.2002). However, "a mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Id.* at 1302 (quoting *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.1990)). As there are no disputed facts material to this decision, the Court will focus on the applicable law.

### Res Judicata Standard

Because this Court is determining the res judicata effect of a state court judgment, the Court must look to the law of the state of Florida to determine when a state court judgment has a preclusive effect on a subsequent action. *In re Six*, 80 F.3d 452 (11th Cir.1996). In Florida, a final judgment acts as a bar to any future action that meets the following criteria: an identity: (1) in the things sued for in both actions; (2) in the cause of action in both actions; (3) of the parties in both actions, and (4) the capacity of the parties in both actions. *Chimerakis v. Sentry Ins. Mut. Co.*, 804 So.2d 476, 479 (Fla. 3d DCA 2001). "[T]he doctrine of res judicata not only bars issues that were raised, but it also precludes consideration of issues that could have been raised but were not raised in the first case." *Florida Dep't of Transp. v. Juliano*, 801 So.2d 101, 105 (Fla.2001).

Defendant Funding USA argues that the Debtor's TILA claims not only *could* have been raised in the Funding Foreclosure Action, but in fact, *should* have been raised, since the TILA claims were compulsory counterclaims in the Funding Foreclosure Action, and are therefore barred by the entry of the Funding Foreclosure Judgment. The Debtor argues that the TILA claims are not compulsory counterclaims, and are not based on facts or issues identical to those necessarily resolved in the Funding Foreclosure Judgment, the claims are not barred, and need to be, and may be, resolved on their merits at trial.

Consequently, the issue to be determined with respect to the pending motion for summary judgment is whether the Debtor's First Amended Complaint, which is based on alleged violations of TILA, HOEPA and Reg Z, as well as breach of fiduciary duty, is barred due to the res judicata effect of the Funding Foreclosure Judgment.

### TILA and Foreclosure Actions

In *Cotton v. Federal Land Bank of Columbia*, 676 F.2d 1368 (11th Cir.1982), relied upon by Funding USA, the Eleventh Circuit held that a complaint filed by a Georgia borrower in federal court, seeking to rescind a loan and seeking damages based on the lender's alleged TILA violations, was barred by the res judicata effect of a final judgment of foreclosure entered by the Georgia state court. Noting that the borrower was represented by counsel and challenged the foreclosure all the way to the Supreme Court of Georgia, the Eleventh Circuit held that the lower state

court considering the foreclosure case "would necessarily have considered the validity of the notes and the validity of the deeds to secure debt securing those notes; such a determination would, of necessity, have included consideration of any Truth in Lending violations which might have occurred." 676 F.2d at 1369.

The Debtor relies on *In re Tomasevic*, 275 B.R. 86 (Bankr.M.D.Fla.2001) in which case the bankruptcy court held that a foreclosure judgment *was* a bar to recovery of any claims arising from violations of Section 121 of TILA—15 U.S.C. § 1631–arising from the failure to disclose certain loan provisions. However, the same court also held that the foreclosure judgment was *not* a bar to claims arising from violations of Section 125 of TILA –15 U.S.C. § 1636(b)—the lender's failure to provide notice of the debtor's right to rescind.

> The cause of action at issue in this Section 125 claim goes to the making of the loan, rather than a dispute as to the obligations under the loan as was the issue in the state court foreclosure action. Because the claims are not the same, *res judicata* does not bar the Truth in Lending claim.

275 B.R. at 101.

Because *Tomasevic* is a bankruptcy court decision decided after *Cotton*, but does not cite to *Cotton*, and, consequently, does not seek to distinguish its holding, this Court must determine whether these holdings can be reconciled, or whether, as argued by Funding USA, *Cotton* creates a complete bar to the relief sought by the Debtor.

The Debtor suggests the two cases can be reconciled since their holdings "are a result of different understandings of whether TILA claims and mortgage foreclosure actions are 'separate causes of action' for the purposes of res judicata." Debtor's Response at 5. This Court does not agree with the Debtor's analysis. To the extent the Eleventh Circuit in *Cotton* and the bankruptcy court in *Tomasevic* have different "understandings", the Eleventh Circuit understanding governs resolution of this issue. Thus, this Court must focus on whether the holdings can otherwise be reconciled.

■ In another case in which the Eleventh Circuit addressed the issue of res judicata, *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541 (11th Cir.1986), the court stated that "[t]he principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case ... [i]n determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." 793 F.2d at 1549 (citations omitted). Thus the focus must be on the substance of the Debtor's TILA claims to determine which of those claims, if any, are subject to the res judicata effect of the Funding Foreclosure Judgment.

This distinction is the very basis for the split decision of the bankruptcy court in *Tomasevic*. The bankruptcy court in *Tomasevic* recognized that the determination of the res judicata effect of the state foreclosure judgment on a TILA claim is not whether TILA claims and mortgage foreclosure actions are generally separate causes of action, but whether the relief to which a party is entitled under a particular section of TILA necessarily must be resolved, whether raised or not, in considering entry of the state court foreclosure judgment.

■ Funding USA argues that because TILA authorizes a borrower to raise TILA claims in a foreclosure action, that *ergo*, the TILA claims are compulsory counterclaims in a mortgage foreclosure action. However, the language of TILA is permis-

sive, not mandatory. In fact, the section cited by Funding USA. 15 U.S.C. § 1640, prohibits a consumer from seeking to offset from obligations owed to the creditor by the consumer any amounts by which the creditor may be liable to the consumer "unless the amount of the creditor's ... liability has been determined by judgment of a court of competent jurisdiction in an action of which such person was a party. This subsection does not bar a consumer in default on the obligation from asserting a violation of this subchapter as an original action, or as a defense or counterclaim to an action to collect amounts owed by the consumer brought by a person liable under this subchapter." Thus, the statute clearly is permissive, not mandatory.

Although there is no Florida state court case directly on point, in the case of *Marlee Drew v. Flagship First National Bank of Titusville*, 448 F.Supp. 434 (M.D.Fla. 1977), the district court held that a TILA claim was not a compulsory counterclaim to a Florida mortgage foreclosure action. Indeed, the court found that a borrower raising TILA claims does so as a "private attorney general" "in order to enforce the federal policies behind [TILA]." 448 F.Supp. at 436; *see also Walker v. Contimortgage (In re Walker)*, 232 B.R. 725 (Bankr.N.D.Ill.1999)(TILA claims and mortgage foreclosure claims are not identical for purposes of res judicata because "[t]he evidence that [the lender] used to demonstrate that it was entitled to a judgment of foreclosure is not the same evidence that [the borrower] would use to demonstrate that [the lender] violated the TILA .... [The borrower's] TILA and

RESPA claims here would still not involve the same cause of action since those claims do not arise from the same group of operative facts as the state court foreclosure action.") 232 B.R. at 734. *Cf. Tomasevic*, 275 B.R. at 100 ("The debtor's claim under [the non-disclosure section of TILA relating to certain charges to which the lender was entitled under the loan documents] is clearly a compulsory counterclaim to the bank's claim for principal, interest, escrow advances and late fees at issue and decided in the foreclosure action.") [4]

Accordingly, all but a small portion of the Debtor's claims—those relating solely to the non-HOEPA disclosures [5]—would not be barred by res judicata under the *Tomasevic* analysis.

### HOEPA

■ In what appears, at best, a throw away paragraph at the end of its Motion for Summary Judgment, Funding USA notes that the attorney who prepared the closing documents "is not and was not affiliated with the defendant thus no HOEPA violation could have existed." The Debtor responds that the focus of a HOEPA violation is not for whom the closing attorney was working but whether Funding USA qualified as a creditor under 15 U.S.C. § 1602. Citing to deposition testimony of the principal of Funding USA, the Debtor argues that Funding USA falls under the purview of HOEPA. This Court has already found that there are several material disputed facts that must be resolved to determine this issue and so to the extent Funding USA seeks summary

---

4. Neither the Debtor nor Funding USA addressed, nor, does it appear that any court has addressed, the impact of the 1997 changes to the Florida foreclosure statute, Fla. Stat. § 702.01, which requires the state court to sever any counterclaims from foreclosure actions. It is not necessary to this

opinion for the Court to consider that issue here.

5. Funding USA acknowledges it did not provide HOEPA disclosures but claims it was not required to do so.

judgment on the HOEPA issue, it is denied.[6]

### Res Judicata and Equity

■ Even if the state court judgment technically meets all the requirements of res judicata to deny the relief sought in the First Amended Complaint, the Court declines, on the basis of equity, to grant the motion for summary judgment in any event. The Debtor should have the opportunity to present evidence on the merits of his claims, including the circumstances that caused the closing delay, whether the waiver of the right to "reside" was coerced or knowing, and whether and to what extent Funding USA breached a fiduciary duty to the Debtor.

As previously noted, the Debtor is an elderly man of limited education. He represented himself in the Funding Foreclosure Action. It is clear, based on Debtor's deposition testimony, that Debtor did not and does not understand clearly the legal process. Federal courts have recognized that equity should, in certain instances, trump legal principals, see *Bush v. Balfour Beatty Bahamas, Ltd. (In re Bush)*, 62 F.3d 1319 (11th Cir.1995) (recognizing that it is within a court's discretion whether collateral estoppel effect will be given to a default judgment); *Hartnett v. Mustelier (In re Hartnett)*, 330 B.R. 823 (Bankr. S.D.Fla.2005)(based on equitable principals the court declined to give collateral estoppel effect to a default judgment).

■ Florida law, which applies here, undisputedly recognizes a manifest injustice exception to application of the principals of res judicata as well as collateral estoppel. In *Universal Constr. Co. v. City of Ft. Lauderdale*, 68 So.2d 366 (Fla.1953) the

Florida Supreme Court declined to give res judicata effect to a final judgment entered at the conclusion of a lawsuit. The court wrote

> The basic principle upon which the doctrine of res judicata rests is that there should be an end of litigation and that *in the interest of the state* every justiciable controversy should be settled in one action in order that the courts and the parties will not be pothered for the same cause by interminable litigation ... nevertheless, when a choice must be made we apprehend that the State, as well as the courts, is more interested in the fair and proper administration of justice than in rigidly applying a fiction of the law designed to terminate litigation.
>
> · · ·
>
> [T]he doctrine of res judicata should not be so rigidly applied as to defeat the ends of justice.

68 So.2d at 369 (emphasis in original; citations omitted).

■ Federal and Florida courts are especially sensitive to the special circumstances of a pro se party. In *Flaherty v. Lang, et al.*, 199 F.3d 607, 616 (2d Cir. 1999) the Second Circuit declined to apply res judicata to preclude certain of the plaintiff's claims based on the circumstances of the case and plaintiff's pro se status. The court noted it might have been "less hesitant to apply the doctrine of res judicata" had the plaintiff been represented by counsel. In *Franklin v. Franklin*, 573 So.2d 401 (Fla. 3d DCA 1991), the court granted a motion for relief from final dissolution of marriage based on excusable neglect, noting that the appellant/husband had been unrepresented by counsel and was almost totally illiterate.

---

**6.** In what is best described as a sentence fragment Funding USA suggests the breach of fiduciary duty count is also barred by res judicata. This Court, for the reasons stated in this opinion, does not agree.

Accordingly, based on the clear authority of the Florida Supreme Court, even if all or any portion of the Debtor's First Amended Complaint could otherwise be found to be barred by entry of the Funding Foreclosure Judgment, the Court declines to recognize such a bar in this proceeding.

### *Conclusion*

Funding USA must accept that it is going to trial in this matter. As noted by the Court in its October 5, 2005 Order Denying Summary Judgment "there exists [sic] genuine issues of material facts, and this case should proceed to a trial on the merits on all counts of the operative complaint." The Debtor will have the opportunity to put on its evidence and Funding USA will have its opportunity to dispute that evidence and put on evidence of its own.

It is hereby ORDERED AND ADJUDGED

1. The Motion for Summary Judgment is DENIED.

2. The final pretrial conference in this matter and trial will go forward as scheduled in this Court's order dated May 12, 2006.