[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-11888
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 22, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-00818-CV-ORL-28-JGG

JOSEPH KONIKOV,
CHANA KONIKOV,

Plaintiffs-Appellants,

versus

ORANGE COUNTY, FL,
EDWARD CANEDA,
individual and/or agent of Orange County, FL,
GEORGE LAPORTE,
individual and/or agent of Orange County, FL,
MICHAEL SCOTT,
individual and/or agent of Orange County FL,
ROBERT SPIVEY,
individual and/or agent of Orange County, FL,
MELVIN PITTMAN, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 22, 2007)**

Before BIRCH, WILSON and COX, Circuit Judges.

PER CURIAM:

Joseph Konikov sued Orange County, Florida, and some of its employees in 2002, alleging violations of constitutional and statutory law with regard to a zoning regulation prohibiting the use of his residence for religious purposes (*Konikov I*). The district court in *Konikov I* granted summary judgment against Konikov and was affirmed in part and reversed in part by this court. The action was remanded to the district court and concluded without an appeal. The Konikovs filed this suit, arising out of the same facts as *Konikov I*, against Orange County and other employees (*Konikov II*). The district court dismissed the suit with prejudice, based on res judicata. The Konikovs appeal.

This court reviews de novo a district court's res judicata determination. *EEOC v. Pemco Aeroplex, Inc.,* 383 .3d 1280, 1285 (11th Cir. 2004). Whether a party is in privity with another for preclusion purposes is a question of fact reviewed for clear error. *Id.*

A case is barred from re-litigation under the doctrine of res judicata if: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v.*

*Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). The United States District Court for the Middle District of Florida adjudicated *Konikov I* to its final conclusion. Therefore, the res judicata question is whether the parties and causes of action are identical in *Konikov I* and *Konikov II*.

The County is a party in both actions. The Plaintiffs are the same party as well, since Joseph and Chana Konikov, as husband and wife, are in privity with each other. *See Jaffree v. Wallace*, 837 F.2d 1461, 1467-68 (11th Cir. 1988); *Cotton v. Fed. Land Bank of Columbia*, 676 F.2d 1368, 1370-71 (11th Cir. 1982).

The remaining individual Defendants are also identical in both lawsuits for res judicata purposes. "Most other federal circuits have concluded that employer-employee or principal-agent relationships may ground a claim preclusion defense, regardless which party to the relationship was first sued . . . ." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1502 (11th Cir. 1990) (quoting *Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1288 (5th Cir. 1989)). Privity exists where the nonparty's interests were adequately represented by the party in the original suit or "where a party to the original suit is 'so closely aligned to a nonparty's interest as to be his virtual representative.'" *NAACP v. Hunt*, 891 F.2d 1555, 1560-61 (11th Cir. 1990) (quoting *United Merchants & Mfrs. v. Sanders*, 508 So. 2d 689, 692 (Ala. 1987)). The employees sued in *Konikov II* handed out notices, collected evidence,

testified before the CEB, and executed affidavits, which were all part of the County's preparation for *Konikov I.* We find no error in the district court's determination that the individual employees who are Defendants in *Konikov II* were in privity with the County for res judicata purposes.

Seven of the eight counts of *Konikov II* were previously litigated in *Konikov I.* The only different claim is one for negligent supervision/retention. The actions of the individuals in *Konikov II* all occurred prior to the commencement of *Konikov I.* The events giving rise to this lawsuit existed at the time of the original complaint in *Konikov I.* Since this claim arose out of the same nucleus of operative fact as *Konikov I,* it is barred by res judicata.

For the foregoing reasons, we affirm the district court's dismissal of *Konikov II* with prejudice.[1]

AFFIRMED.

---

[1] We reject Orange County's contention that there is no longer a case or controversy. And, we reject as meritless all other arguments presented by the Plaintiffs.